Michael SWENSON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 10A01–0609–CR–408.

Court of Appeals of Indiana.

June 21, 2007.

J. Bart McMahon, Louisville, KY, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Michael Swenson brings this interlocutory appeal from the trial court's denial of his motion to dismiss pursuant to Indiana Code Section 35–41–4–5 ("double jeopardy statute"). Swenson raises a single issue for our review, namely, whether the trial court erred in determining that the State's charge of Theft was not barred by a former prosecution in the Commonwealth of Kentucky for Receipt of Stolen Property.

We reverse.

### FACTS AND PROCEDURAL HISTORY

In 2004, Swenson, a medical doctor, stole blank prescription forms from his treating physician, Dr. Asad Ismail. At the time, Dr. Ismail practiced in Clark County. Swenson then forged prescriptions for hydrocodone and, while in possession of those stolen forms, entered Kentucky. Swenson presented the prescriptions to pharmacists in Louisville who filled them.

In April of 2004, a Louisville pharmacist called the Louisville Metro Narcotics Division to report the forged prescriptions. On April 13, Kentucky officers arrested Swenson. After a grand jury indictment on multiple counts, on March 16, 2006, Swenson pleaded guilty to the Commonwealth's six amended charges of receiving stolen property.

While the charges against Swenson were pending in Kentucky, the Clark County prosecutor filed an information charging Swenson with theft, as a Class D felony, and Obtaining a Controlled Substance by Fraud or Deceit, as a Class D felony. However, the trial court dismissed the charge of obtaining a controlled substance by fraud or deceit for lack of jurisdiction. Shortly after that decision, Swenson entered into his plea agreement with the Commonwealth, and he then moved the Clark Superior Court to dismiss the charge of theft under the double jeopardy statute. The court denied Swenson's motion and certified its decision for interlocutory appeal, which we accepted.

### DISCUSSION AND DECISION

■ A defendant has the burden of proving, by a preponderance of the evi-

dence, all facts necessary to support a motion to dismiss. *Townsend v. State,* 793 N.E.2d 1092, 1093 (Ind.Ct.App.2003), *trans. denied.* When a party appeals from a negative judgment, we will reverse the trial court's ruling only if the evidence is without conflict and leads inescapably to the conclusion that the party was entitled to dismissal. *Id.*

■ On appeal, Swenson contends that the State is barred from prosecuting him for the theft of the blank prescription forms because he pleaded guilty in Kentucky to receiving stolen property. Although the Indiana and United States Constitutions provide no protection from double jeopardy as between "dual sovereigns," Indiana has provided statutory protection against double jeopardy in such situations. See *State v. Allen,* 646 N.E.2d 965, 967–68 (Ind.Ct.App.1995), *trans. denied.* Indiana's double jeopardy statute provides:

> In a case in which the alleged conduct constitutes an offense within the concurrent jurisdiction of Indiana and another jurisdiction, a former prosecution in any other jurisdiction is a bar to a subsequent prosecution for the same conduct in Indiana, if the former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.

Ind.Code § 35–41–4–5 (West 2004). That is, a former conviction in any other jurisdiction bars subsequent prosecution by this State for the "same conduct." *Allen,* 646 N.E.2d at 968.

■ Whether a prosecution is barred by double jeopardy is a question of law. *Id.* at 972. This determination is made by considering the "overt acts" alleged in the sister jurisdiction's charge in juxtaposition with the allegation in the State's charge. See id. Because the prosecution here involves a former conviction in Kentucky, the double jeopardy question in this case is one of statutory construction rather than of constitutional dimension. *See id.*

■ Swenson asserts that "[t]he stolen property at issue in Kentucky's plea agreement could only have been the six prescription slips taken from Dr. Ismail" that are the subject of Indiana's charge of theft. Appellant's Brief at 11. In Indiana, "a person may not be convicted of both Theft and Receiving Stolen Property with regard to property appropriated in the same transaction or series of transactions." *Gibson v. State,* 643 N.E.2d 885, 892 (Ind. 1994). *Accord Cooley v. Commonwealth,* 821 S.W.2d 90, 91–92 (Ky.1991) (discussing *Jackson v. Commonwealth,* 670 S.W.2d 828 (Ky.1984)). Thus, if the stolen property at issue in the Kentucky conviction is the same property at issue in the Indiana prosecution, our supreme court's holding in *Gibson,* combined with the double jeopardy statute, precludes the Indiana prosecution.

In September of 2004, the Kentucky grand jury returned the following indictments against Swenson: two counts of Obtaining or Attempting to Obtain a Controlled Substance by Fraud; two counts of Forgery of a Prescription; two counts of Criminal Possession of a Forged Prescription; one count of Illegal Possession of a Controlled Substance; and one count of Possession of Drugs Not in Original Container. But the Commonwealth subsequently amended the charges against Swenson to include only six counts of receipt of stolen property. In juxtaposition, the State here has charged Swenson with theft as follows: "Between February 1, 2004[,] and April 14, 2004[,] in Clark County, State of Indiana, [Swenson] did knowingly or intentionally exert unauthorized control over property, to-wit: prescription form, of another person, to-wit: Dr. Asad

Ismail, with intent to deprive Dr. Ismail of any part of the property's value or use." Appellant's App. at 6.

The State maintains that neither the Kentucky grand jury's indictment nor Swenson's guilty plea agreement clearly demonstrates what the stolen property was that formed the basis of Swenson's Kentucky conviction. But at no point did the State refute or object to Swenson's assertions that his possession of the stolen prescription forms was the basis of his Kentucky conviction. Indeed, in arguing against Swenson's motion to the trial court, the State made the following comments:

> Double jeopardy, again, simply prevents the same sovereign from multiple prosecutions. We're talking about different sovereigns here and the fact [is] that he stole the pads here and [that] is an offense here in Clark County that we can prosecute. The fact that he took them across [to] Kentucky and violated Kentucky's laws by having them there when they were stolen in no way does [violence to] double jeopardy law under the U.S. Constitution [or] prevent[s] us from prosecuting him [for] stealing here.

Transcript at 11.

The entirety of the State's argument to the trial court was not that Swenson's claim that he was being twice punished for the same act was factually erroneous, but that the State, as a separate sovereign, was permitted to prosecute him independently of the Commonwealth. And in taking that position, the State acknowledged that the overt act at issue in both prosecutions was identical—namely, "that he stole the pads here and ... he took them across [to] Kentucky." *Id.* Thus, the State's comments to the trial court demonstrate that the evidence is without conflict that the same "overt act," the theft and possession of the prescription forms, was the basis of

both the Kentucky conviction and the Indiana prosecution. As such, Swenson is entitled to dismissal under the double jeopardy statute and *Gibson. See Townsend,* 793 N.E.2d at 1093.

Reversed.

RILEY, J., and BARNES, J., concur.