

FILED
Sep 13 2013, 5:18 am
CLERK
of the supreme court,
court of appeals and
tax court

## FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**ROBERT W. HAMMERLE**
**KATHRYN DINARDO**
Hammerle Law Office
Indianapolis, Indiana

**VICTORIA L. BAILEY**
Beech Grove, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JERRY A. SMITH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 24A01-1210-CR-469 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

INTERLOCUTORY APPEAL FROM THE FRANKLIN CIRCUIT COURT
The Honorable Clay M. Kellerman, Judge
Cause No. 24C02-1102-FB-44

**September 13, 2013**

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

Jerry A. Smith ("Smith") brings this interlocutory appeal from the trial court's order granting in part and denying in part his motion to dismiss the charges against him. Smith contends that further prosecution in state court after his plea of guilty to charges of federal conspiracy to commit mail and wire fraud is barred by statutory double jeopardy principles. The State cross-appeals from the trial court's order granting, in part, Smith's motion to dismiss.

We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

Between 2004 and 2010, Smith and Jasen Snelling ("Snelling") ran a Ponzi scheme out of CityFund Advisory ("CityFund") and Dunhill Investment Advisors Ltd. ("Dunhill"). Central Registration Depository records showed that Snelling was listed as the President of CityFund, and Smith was listed as the Secretary/Treasurer. CityFund's investment advisor license with the U.S. Securities and Exchange Commission ("SEC") was withdrawn in 2004, and Dunhill's registered trust with the SEC was withdrawn in 2002. Smith has not been registered to sell securities since May of 2008 and was never registered to sell securities through CityFund or Dunhill. Of the securities sold through CityFund and Dunhill, none were registered as required by law.

In December, 2011, the Franklin County Prosecutor's Office filed a twenty-five count information against Smith related to this Ponzi scheme. Four victims, who were Indiana residents, were identified in the charges. Smith and Snelling told the victims that they were

2

involved in day trading, were licensed to sell securities, and promised unusually high returns on the investments.

A sealed federal indictment was filed against Smith by the United States Attorney's Office for the Southern District of Ohio on June 4, 2012. The federal indictment charged Smith with conspiracy to commit mail and wire fraud, obstruction, and tax evasion. The indictment generally alleged that between 2003 and 2011, in the Southern District of Ohio and elsewhere, Smith and Snelling conspired to commit mail fraud and wire fraud by using the U.S. Mail and interstate wire communications to execute a scheme to defraud investors in CityFund and Dunhill and to obtain money from investors by means of false and fraudulent promises and representations.

Smith and Snelling were alleged to have told investors that they were involved in day trading, all investments were liquidated to cash at the close of each day, and that this strategy guaranteed profits of 10-15%. Smith and Snelling held themselves out as being licensed to sell securities. Those representations were false because neither was licensed to sell securities nor were the firms licensed brokerage firms, and the investors' money was never invested in anything or used in day trading; instead, it was used to enrich Smith and Snelling. Smith and Snelling prepared and sent to investors, through both the mail and electronic mail, falsified quarterly statements for Dunhill and CityFund purporting to show positive account balances and fictitious earnings, all as part of the scheme. A total of approximately seventy-two investors in Ohio, Kentucky, and Indiana collectively lost over $8,900,000.00 in this investment scheme.

Smith entered a guilty plea to the three federal charges against him on June 12, 2012. Smith signed an agreed statement of facts acknowledging the Ponzi day trading scheme in which he and Snelling falsely represented that they were licensed to sell securities when they were not and the investors' money was never invested. Smith acknowledged that he and Snelling performed the specific overt acts set forth in the indictment.

After pleading guilty in federal court, Smith filed a motion to dismiss the Franklin County charges, contending that the State's prosecution was barred by Indiana Code section 35-41-4-5, our statutory double jeopardy provision pertaining to prosecution by dual sovereigns. The Franklin Circuit Court dismissed Counts 11 through 25 setting out the charges alleging that Smith committed securities fraud and securities fraud involving a victim over sixty years of age on the basis that the conduct alleged was the same or substantially the same as the conduct alleged in the federal indictment to which Smith pleaded guilty. However, the trial court denied Smith's motion to dismiss Counts 1 through 10 setting out the charges alleging that Smith engaged in unlawful acts related to the offer or sale of a security and alleging Smith's failure to comply with the requirement of broker-dealer registration.. Both parties now appeal.

## DISCUSSION AND DECISION[1]

Smith now appeals from the trial court's order denying in part his motion to dismiss, and the State cross-appeals from the trial court's partial grant of Smith's motion to dismiss.

---

[1] We held oral argument in this appeal and an appeal involving the same defendant and issues, but arising from orders issued in different counties, on July 10, 2013 in the Indiana Court of Appeals Courtroom in Indianapolis, Indiana. We commend counsel for the quality of their oral and written arguments.

The defendant bears the burden of proving by a preponderance of the evidence those facts necessary to support a motion to dismiss. *Swenson v. State*, 868 N.E.2d 540, 541-42 (Ind. Ct. App. 2007). The clearly erroneous standard of review depends upon whether the party is appealing a negative judgment or an adverse judgment. *Baird v. ASA Collections*, 910 N.E.2d 780, 785 (Ind. Ct. App. 2009). Where the party bearing the burden of proof appeals from the trial court's ruling, he appeals from a negative judgment and will prevail only upon establishing that the judgment is contrary to law. *Id.*

When a party appeals from a negative judgment, we will reverse the trial court's ruling only if the evidence is without conflict and leads inescapably to the conclusion that the party was entitled to dismissal. *Swenson*, 868 N.E.2d at 542.

A party appeals from an adverse judgment, as the State does here in its cross-appeal, when the judgment is entered against a party defending on a particular question. *McCarty v. Walsko*, 857 N.E.2d 439, 443 (Ind. Ct. App. 2006). Where the trial court enters findings in favor of the party bearing the burden of proof, the findings are clearly erroneous if they are not supported by substantial evidence of probative value. *Romine v. Gagle*, 782 N.E.2d 369, 376 (Ind. Ct. App. 2003). The judgment will be reversed even if we find substantial supporting evidence, if we are left with a definite and firm conviction that a mistake has been made. *Id.*

Smith argues that the trial court erred by partially denying his motion to dismiss the state-court charges against him contending that further prosecution is barred by the previous federal prosecution.

5

"The Indiana and United States Constitutions provide no protection from double jeopardy as between federal and state prosecutions." *State v. Allen*, 646 N.E.2d 965, 967 (Ind. Ct. App. 1995). As we explained further in *Swenson*,

> Although the Indiana and United States Constitutions provide no protection from double jeopardy as between "dual sovereigns," Indiana has provided statutory protection against double jeopardy in such situations.

868 N.E.2d at 542. That statutory protection is codified by Indiana Code section 35-34-1-4, which provides in relevant part as follows:

> (a) The court may, upon motion of the defendant, dismiss the indictment or information upon any of the following grounds: . . (7) The prosecution is barred by reason of a previous prosecution.

"Therefore, the double jeopardy question involved in this case is one of statutory construction, rather than constitutional construction." *Allen*, 646 N.E.2d at 968. Federal governments are considered to be separate or dual sovereigns. *Id*.

> Indiana Code section 35-41-4-5 provides as follows:

> In a case in which the alleged conduct constitutes an offense within the concurrent jurisdiction of Indiana and another jurisdiction, a former prosecution in any other jurisdiction is a bar to a subsequent prosecution for the same conduct in Indiana, if the former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.

"Whether a prosecution is barred by double jeopardy is a question of law." *Swenson*, 868 N.E.2d at 542 (citing *Allen*, 646 N.E.2d at 968).

"The primary rule in statutory construction is to ascertain and give effect to the intent of the legislature." *Brown v. State*, 790 N.E.2d 1061, 1063 (Ind. Ct. App. 2003) (citing

6

*Hendrix v. State*, 759 N.E.2d 1045, 1047 (Ind. 2001)). We have found the best evidence of legislative intent is the language of the statute itself. *Id*. All words must be given their plain and ordinary meaning unless otherwise indicated by statute. *Id*. at 1063-64. Our presumption is that the legislature intended the language actually used in the statute to be applied logically and not to bring about an unjust or absurd result. *Id*. at 1064-65.

The plain language of the statute requires a comparison of the conduct alleged to constitute an offense in Indiana with the conduct alleged to constitute an offense in another jurisdiction, here, in federal district court. In both, Smith and Snelling were alleged to have operated a Ponzi scheme. They stated to investors that they were involved in day trading, meaning all investments were liquidated to cash at the close of each day, and that this strategy guaranteed a large return in profits. Smith and Snelling held themselves out as being licensed to sell securities when neither was licensed to sell securities nor were the firms licensed brokerage firms, and the investors' money was never invested in anything or used in day trading, but rather to enrich Smith and Snelling.

Unlike state constitutional double jeopardy analysis, we do not engage in application of the statutory elements test or the actual evidence test to determine if Smith was subjected to repeated prosecution for the same offense. *See Richardson v. State*, 717 N.E.2d 32, 49-50 (Ind. 1999) ("Both of these considerations, the statutory elements test and the actual evidence test, are components of the double jeopardy 'same offense' analysis under the Indiana Constitution."). Statutory double jeopardy shields a defendant from subsequent prosecution

7

for the *same conduct* that resulted in an acquittal or a conviction in the former prosecution. I. C. § 35-41-4-5.

Both the federal indictment and the state charges arise from the overarching Ponzi scheme involving numerous victims in multiple states who were harmed by the actions of Smith and Snelling. The Ponzi scheme was a single scheme to defraud multiple victims including those identified in the Franklin County charges. The Ponzi scheme resulted in combined investment losses by the victims in excess of $8,900,000.00 including the losses sustained by the Franklin County victims.

The federal court's judgment included all of the victims and all of the losses identified in the Franklin County indictment. The federal court's judgment ordered Smith to pay restitution of $5,000,000.00. Specifically included in the federal restitution order were each of the victims identified in the Franklin County prosecution.

Indiana Code section 35-41-4-5 provides that a former prosecution in any other jurisdiction is a bar to a subsequent prosecution for the same conduct in Indiana if the former prosecution resulted a conviction of the defendant. Here, the conduct for which Smith was prosecuted in the federal proceeding was the overarching Ponzi scheme. That scheme also formed the basis of the federal charges and those brought by Franklin County in Counts 1-5 and 11-25. Accordingly, we conclude that Franklin County prosecution of Smith as to these counts is for the same conduct as that included in his federal conviction.

However, Counts 6 through 10 are different. Smith was alleged to have violated Indiana Code section 23-2-1-8, which was repealed by P.L. 27-2007 SEC. 37, eff. July 1,

8

2008, under Count 10 for acts occurring in 2004, and Indiana Code sections 23-19-4-1 and 23-19-5-8 under Counts 6 through 9 for acts occurring in October 2008 and thereafter. The counts allege that Smith knowingly transacted business as a broker-dealer without being registered as such with the Indiana Secretary of State, Securities Division, as required by law, and without being exempt from registration. In those counts the offense is failing to register as a broker-dealer as required by law before transacting business as such and does not involve the same conduct as the conduct forming the basis for Smith's federal conviction, i.e., devising and participating in the scheme to defraud investors.

There is no overlap between the failing to register counts in this proceeding and Smith's federal conviction. On one hand, had Smith been registered as a broker-dealer, he would still have faced the federal prosecution for his fraudulent acts. On the other, had Smith sold legitimate securities, he would have still have faced prosecution in this proceeding for his failure to register as a broker-dealer.

Accordingly, we affirm the trial court's order of dismissal dismissing Counts 11 through 25 and its order denying Smith's motion to dismiss Counts 6 through 10, and we reverse the trial court's order denying Smith's motion to dismiss the remaining state-court charges (Counts 1 through 5), and we remand to the trial court for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

PYLE, J., concurs

VAIDIK, J., concurs in part and dissents in part with separate opinion.

9

_____

# IN THE
# COURT OF APPEALS OF INDIANA

_____

| | | |
|---|---|---|
| JERRY A. SMITH, | ) | |
| | ) | |
|     Appellant-Defendant, | ) | |
| | ) | |
|       vs. | ) | No. 24A01-1210-CR-469 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
|     Appellee-Plaintiff. | ) | |
| | ) | |

_____

**VAIDIK, Judge, concurring in part and dissenting in part.**

I agree with the majority's conclusion that Counts 1-5 and 11-25 of the Franklin County charges ("the state charges") against Smith are barred by the statutory prohibition against double jeopardy, Indiana Code section 35-41-4-5. But respectfully, I do not agree that the remaining state charges, Counts 6-10, can stand. I believe those charges, which allege that Smith knowingly transacted business as a broker-dealer without being registered to do so, are also barred. Indiana's double-jeopardy statute provides:

> In a case in which the alleged conduct constitutes an offense within the concurrent jurisdiction of Indiana and another jurisdiction, a former prosecution in any other jurisdiction is a bar to a subsequent prosecution for the same conduct in Indiana, if the former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.

10

Ind.Code § 35-41-4-5. Thus, a conviction in any other jurisdiction bars a later prosecution in this State for the "same conduct." *State v. Allen*, 646 N.E.2d 965, 968 (Ind. Ct. App. 1995), *reh'g denied, trans. denied.* Whether a prosecution is barred by double jeopardy is a question of law. *Id.* at 972. Importantly, "this determination is made by considering the 'overt acts' alleged in the sister jurisdiction's charge in juxtaposition with the allegation in the State's charge." *Id.*

The majority concludes that Counts 6-10 may go forward because those charges are not based on the same conduct underlying Smith's federal conviction. The majority reaches this conclusion by reasoning that Smith could have been charged in federal court for conspiracy to commit fraud even if he was a registered dealer-broker, and likewise could have been charged in state court for failing to register as a dealer-broker even if he sold legitimate securities. I believe this hypothetical reasoning ignores the directive of our previous decisions to look to "consider[] the 'overt acts' alleged in the sister jurisdiction's charge in juxtaposition with the allegation in the State's charge." *Id.*

The overt act alleged in the state charges is Smith's sale of a security despite not being registered as a dealer-broker. The federal charging information cites the same conduct. Describing the operation of Smith's conspiracy and scheme to defraud, the federal charging information states that Smith was not licensed to sell securities as required by Indiana law. While Smith's failure to register as a dealer-broker was not specifically mentioned in the section describing acts in furtherance of the conspiracy, we should view the federal charging information as a whole, given that the federal prosecutor controlled its content. And here, the

11

federal prosecutor chose to include Smith's failure to register as a dealer-broker. When reviewing the federal charging information as a whole, I conclude that both the federal and state charges rely in part on Smith's failure to register as a dealer-broker. For this reason, I respectfully disagree with the majority's conclusion that Counts 6-10 can stand. Because I find that these charges are barred by Indiana's statutory prohibition against double jeopardy, I would dismiss Counts 6-10.