

**FILED**

Sep 13 2013, 5:17 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**ROBERT W. HAMMERLE**
**KATHRYN DINARDO**
Hammerle Law Office
Indianapolis, Indiana

**VICTORIA L. BAILEY**
Beech Grove, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JERRY A. SMITH,           )
                          )
    Appellant-Defendant,      )
                          )
      vs.                   )    No. 15A05-1208-CR-411
                          )
STATE OF INDIANA,         )
                          )
    Appellee-Plaintiff.       )

INTERLOCUTORY APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Jonathan N. Cleary, Judge
Cause No. 15D01-1106-FC-54

**September 13, 2013**

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

Jerry A. Smith ("Smith") brings this interlocutory appeal from the trial court's order denying his motion to dismiss the charges against him. Smith contends that further prosecution in state court after his plea of guilty to charges of federal conspiracy to commit mail and wire fraud is barred by statutory double jeopardy principles.

We affirm in part, reverse in part and remand.

## FACTS AND PROCEDURAL HISTORY

The factual background of this appeal largely mirrors the facts we have set forth in another case against Smith, which we also dispose of today. *See Smith v. State*, No. 24A01-1210-CR-469 (Ind. Ct. App. Sept. 13, 2013).

Between 2004 and 2010, Smith and Jasen Snelling ("Snelling") ran a Ponzi scheme out of CityFund Advisory ("CityFund") and Dunhill Investment Advisors Ltd. ("Dunhill"). Snelling was listed as the President of CityFund, and Smith was listed as the Secretary/Treasurer. CityFund's investment advisor license with the U.S. Securities and Exchange Commission ("SEC") was withdrawn in 2004, and Dunhill's registered trust with the SEC was withdrawn in 2002. Smith has not been registered to sell securities since May of 2008 and was never registered to sell securities through CityFund or Dunhill. Of the securities sold through CityFund and Dunhill, none was registered as required by law. A total of approximately seventy-two investors in Ohio, Kentucky, and Indiana collectively lost over $8,900,000.00 in this investment scheme.

Smith entered a guilty plea to the three federal charges against him on June 12, 2012. Smith signed an agreed statement of facts acknowledging the Ponzi day trading scheme in

which he and Snelling falsely represented that they were licensed to sell securities when they were not and the investors' money was never invested. Smith acknowledged that he and Snelling performed the specific overt acts set forth in the indictment.

At roughly the same time, Smith was also facing the Dearborn County charges. The Dearborn County charges alleged that Smith and Snelling operated a Ponzi scheme in which they solicited over $4,000,000.00 in "investments" to their businesses, CityFund and Dunhill, from over thirty known investors. The charges alleged that Smith and Snelling used most of the money for their personal enrichment without investing the money. The Dearborn County charges similarly stated that CityFund's investment advisor license with the SEC was withdrawn in 2004, and Dunhill's registered trust with the SEC was withdrawn in 2002. Smith has not been registered to sell securities since May of 2008, and was never registered to sell securities through CityFund or Dunhill. Further, none of the securities sold through those businesses were registered as required by law. The victims identified in the Dearborn County charges are Paul V. Klee III ("Klee"), Paul V. Klee II, also known as Paul V. Klee, Jr. ("Klee Jr."), and Todd Hinsky ("Hinsky").

After pleading guilty to the federal charges, Smith filed a motion to dismiss the Dearborn County charges, contending that further prosecution was barred by statutory double jeopardy. The trial court denied Smith's motion to dismiss, and Smith now appeals.

## DISCUSSION AND DECISION

Smith claims that the trial court erred by denying his motion to dismiss the state-court charges against him. The defendant bears the burden of proving, by a preponderance of the

3

evidence, those facts necessary to support a motion to dismiss. *Swenson v. State*, 868 N.E.2d 540, 541-42 (Ind. Ct. App. 2007). The clearly erroneous standard of review depends upon whether the party is appealing a negative judgment or an adverse judgment. *Baird v. ASA Collections*, 910 N.E.2d 780, 785 (Ind. Ct. App. 2009). Where the party bearing the burden of proof at trial appeals from the trial court's ruling, he appeals from a negative judgment and will prevail only upon establishing that the judgment is contrary to law. *Id*. The judgment is contrary to law when the evidence is without conflict and all reasonable inferences drawn from the evidence lead to one conclusion, but the trial court reached a different one. *Id*.

Here, Smith asserts that Klee Jr. and Hinsky are specifically mentioned in the federal charges, and argues that the State has acknowledged that the federal charges addressed the same victims as those named in the Dearborn County charges. The federal charges specifically identify two of the victims as "V.K." and "T.H." *Dearborn App*. at 103-05. At the hearing on Smith's motion to dismiss, the following exchange occurred between the trial court and the State:

| THE COURT: | Now the US District Court in Cincinnati does that involve any of the victims that are filed here in Dearborn County? |
| THE STATE: | *Those are the same victims your honor*. |
| THE COURT: | Same acts, same victims? |
| THE STATE: | Not, not the same acts. |
| THE COURT: | Same money? |
| THE STATE: | Same money. |

*Tr*. at 4-5. (Emphasis added.)

As we decided in the appeal involving Smith's Franklin County charges, we conclude that the trial court erred by denying Smith's motion to dismiss and incorporate by reference

4

our discussion of the issue here. In this appeal, the victims specifically named in the Dearborn County charges are among the victims specifically named in the federal indictment, and the State conceded to the trial court that the federal charges involved the same victims.

Both the federal indictment and the state charges arise from the same overarching Ponzi scheme involving numerous victims in multiple states who were harmed by the actions of Smith and Snelling. The Ponzi scheme was a single scheme to defraud multiple victims including those identified in the Dearborn County charges. The Ponzi scheme resulted in combined investment losses by the victims in excess of $8,900,00.00 including the losses sustained by the Dearborn County victims.

The federal court's judgment included all of the victims and all of the losses identified in the Dearborn County indictment. The federal court's judgment ordered the Smith to pay restitution of $5,000,000.00. Specifically included in the federal restitution order were each of the victims identified in the Dearborn County prosecution.

Indiana Code section 35-41-4-5 provides that a former prosecution in any other jurisdiction is a bar to a subsequent prosecution for the same conduct in Indiana if the former prosecution resulted a conviction of the defendant. Here, the conduct for which Smith was prosecuted in the federal proceeding was the overarching Ponzi scheme. That scheme also formed the basis of the federal charges and those brought by Dearborn County. Accordingly, we conclude that Dearborn County prosecution of Smith is for the same conduct as that included in his federal conviction.

Furthermore, as we held in Smith's appeal from the Franklin County charges, we conclude that the allegations that Smith transacted business as a broker-dealer without having registered with the Indiana Secretary of State, Securities Division as required by law, and without being exempt from registration, involve different conduct from that which formed the basis of Smith's federal conviction for devising and participating in the Ponzi scheme to defraud investors. We incorporate the analysis from Smith's Franklin County appeal here and adopt it.

Therefore, we reverse the trial court's ruling denying Smith's motion to dismiss Counts 1 through 3 and Counts 7 through 18. However, we affirm the trial court's ruling denying Smith's motion to dismiss Counts 4 through 6, and remand this matter to the trial court.

Affirmed in part, reversed in part, and remanded.

PYLE, J., concurs.

VAIDIK, J., concurs in part and dissents in part with separate opinion.

_____

# IN THE
# COURT OF APPEALS OF INDIANA

_____

| | | |
|---|---|---|
| JERRY A. SMITH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A05-1208-CR-411 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |
| | ) | |

_____

**VAIDIK, Judge, concurring in part and dissenting in part.**

For the reasons set forth in my dissent in *Smith v. State*, No. 24A01-1210-CR-469 (Ind. Ct. App. Sept. 13, 2013), I do not agree that Counts 4-6 can stand. I believe those charges, which allege that Smith knowingly transacted business as a broker-dealer without being registered to do so, are also barred by double jeopardy. I therefore dissent as to these charges.