

**FILED**

Sep 22 2015, 10:16 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Robert W. Hammerle
Victoria L. Bailey
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerry A. Smith,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 22, 2015<br><br>Court of Appeals Cause No.<br>24A01-1501-CR-1<br><br>Appeal from the Franklin Circuit<br>Court<br><br>The Honorable Clay M.<br>Kellerman, Judge<br><br>Trial Court Cause No.<br>24C02-1102-FB-44 |

**Barnes, Judge.**

## Case Summary

[1]     Jerry Smith appeals his forty-year sentence and order of restitution following his

convictions for five counts of Class C felony conducting business as a broker-

dealer without registering with the Indiana Secretary of State. We reverse and remand.

## Issues

The issues we address are:

I.  whether the trial court properly ordered Smith to pay $410,189.16 in restitution to the five victims; and

II. whether Smith's forty-year sentence violates statutory limits on sentences for a single episode of criminal conduct.

## Facts

We described the facts in Smith's first appeal in this matter as follows:

Between 2004 and 2010, Smith and Jasen Snelling ("Snelling") ran a Ponzi scheme out of CityFund Advisory ("CityFund") and Dunhill Investment Advisors Ltd. ("Dunhill"). Central Registration Depository records showed that Snelling was listed as the President of CityFund, and Smith was listed as the Secretary/Treasurer. CityFund's investment advisor license with the U.S. Securities and Exchange Commission ("SEC") was withdrawn in 2004, and Dunhill's registered trust with the SEC was withdrawn in 2002. Smith has not been registered to sell securities since May of 2008 and was never registered to sell securities through CityFund or Dunhill. Of the securities sold through CityFund and Dunhill, none were registered as required by law.

In December, 2011, the Franklin County Prosecutor's Office filed a twenty-five count information against Smith related to this

Ponzi scheme. Four victims, who were Indiana residents, were identified in the charges. Smith and Snelling told the victims that they were involved in day trading, were licensed to sell securities, and promised unusually high returns on the investments.

A sealed federal indictment was filed against Smith by the United States Attorney's Office for the Southern District of Ohio on June 4, 2012. The federal indictment charged Smith with conspiracy to commit mail and wire fraud, obstruction, and tax evasion. The indictment generally alleged that between 2003 and 2011, in the Southern District of Ohio and elsewhere, Smith and Snelling conspired to commit mail fraud and wire fraud by using the U.S. Mail and interstate wire communications to execute a scheme to defraud investors in CityFund and Dunhill and to obtain money from investors by means of false and fraudulent promises and representations.

Smith and Snelling were alleged to have told investors that they were involved in day trading, all investments were liquidated to cash at the close of each day, and that this strategy guaranteed profits of 10–15%. Smith and Snelling held themselves out as being licensed to sell securities. Those representations were false because neither was licensed to sell securities nor were the firms licensed brokerage firms, and the investors' money was never invested in anything or used in day trading; instead, it was used to enrich Smith and Snelling. Smith and Snelling prepared and sent to investors, through both the mail and electronic mail, falsified quarterly statements for Dunhill and CityFund purporting to show positive account balances and fictitious earnings, all as part of the scheme. A total of approximately seventy-two investors in Ohio, Kentucky, and Indiana collectively lost over $8,900,000.00 in this investment scheme.

Smith entered a guilty plea to the three federal charges against him on June 12, 2012. Smith signed an agreed statement of facts acknowledging the Ponzi day trading scheme in which he and

> Snelling falsely represented that they were licensed to sell securities when they were not and the investors' money was never invested. Smith acknowledged that he and Snelling performed the specific overt acts set forth in the indictment. After pleading guilty in federal court, Smith filed a motion to dismiss the Franklin County charges, contending that the State's prosecution was barred by Indiana Code section 35-41-4-5, our statutory double jeopardy provision pertaining to prosecution by dual sovereigns. The Franklin Circuit Court dismissed Counts 11 through 25 setting out the charges alleging that Smith committed securities fraud and securities fraud involving a victim over sixty years of age on the basis that the conduct alleged was the same or substantially the same as the conduct alleged in the federal indictment to which Smith pleaded guilty. However, the trial court denied Smith's motion to dismiss Counts 1 through 10 setting out the charges alleging that Smith engaged in unlawful acts related to the offer or sale of a security and alleging Smith's failure to comply with the requirement of broker-dealer registration.

*Smith v. State*, 993 N.E.2d 1185, 1187-88 (Ind. Ct. App. 2013), *trans. denied*.

[4] On appeal, this court held the trial court erred in failing to dismiss counts 1 through 5 of the information, which had alleged that Smith violated Indiana Code Section 23-19-3-1 by selling securities that had not been registered with the Indiana Secretary of State. *Id.* at 1190. However, we held that Smith could face prosecution under counts 6 through 10 for engaging in business as a broker-dealer without having registered as a broker-dealer. *Id.* at 1190-91.

[5] On remand following the appeal, Smith elected to plead guilty to the remaining counts of the information, with sentencing left to the trial court. At the sentencing hearing, counsel for Smith noted that he had already been ordered to

pay restitution to the Indiana victims of the Ponzi scheme in the federal proceeding and requested that Smith not be ordered to pay restitution twice. Counsel did not object to the State's introduction of evidence related to restitution amounts for the Indiana victims. The trial court imposed maximum sentences of eight years for each conviction, to be served consecutively for a total term of forty years, with twenty years suspended to probation. It also ordered Smith to pay a total of $410,189.16 in restitution to the victims. Smith now appeals.

# Analysis

## I. Restitution

[6] We first address Smith's claim that the trial court erred in ordering him to pay restitution to the Indiana victims of the Ponzi scheme. Initially, the State claims Smith waived this argument by failing to object to the imposition of restitution. We acknowledge the existence of authority holding, "Generally, failure to object to an award of restitution constitutes waiver of a challenge to the award on appeal, unless a defendant argues that the award was fundamentally erroneous and in excess of statutory authority." *Morris v. State*, 2 N.E.3d 7, 9 (Ind. Ct. App. 2013) (citing *Lohmiller v. State*, 884 N.E.2d 903, 915–16 (Ind. Ct. App. 2008)). Nevertheless, a number of cases have emphasized this court's preference for reviewing a trial court's restitution order even absent an objection by the defendant, unless a defendant has affirmatively agreed to the imposition of restitution. *See, e.g.*, *C.H. v. State*, 15 N.E.3d 1086, 1096 (Ind. Ct. App. 2014), *trans. denied*. In *Iltzsch v. State*, 972 N.E.2d 409, 412 (Ind. Ct.

App. 2012), this court held that we should review unobjected-to restitution orders based upon our duty to bring illegal sentences into compliance with the law. Our supreme court granted transfer in this case but summarily affirmed this portion of our opinion. *Iltzsch v. State*, 981 N.E.2d 55, 57 (Ind. 2013). We elect to review the restitution order against Smith, even if he did not clearly object to the order.

[7] We review a trial court's order of restitution for an abuse of discretion. *Bickford v. State*, 25 N.E.3d 1275, 1279 (Ind. Ct. App. 2015), *trans. denied*. The purpose of restitution is to impress upon a defendant the magnitude of the loss he or she has caused, as well as to vindicate the rights of society. *Id.* A victim entitled to restitution is one who has suffered injury, harm, or loss as a direct and immediate result of the criminal acts of a defendant. *Id.* Restitution awards generally should not cover crimes to which a defendant does not plead guilty or is not convicted of, and for which the defendant does not explicitly agree to pay restitution. *Morris*, 2 N.E.3d at 9 (citing *Polen v. State*, 578 N.E.2d 755, 756-57 (Ind. Ct. App. 1991), *trans. denied*); *see also James v. State*, 868 N.E.2d 543, 549 (Ind. Ct. App. 2007).

[8] Here, Smith pled guilty to five counts of failing to register as a broker-dealer. The statute in question states, "It is unlawful for a person to transact business in Indiana as a broker-dealer or agent unless the person is registered under this article as a broker-dealer or is exempt from registration as a broker-dealer . . . ."

Ind. Code § 23-19-4-1(a).[1] Prior to July 1, 2014, a knowing violation of this provision was a Class C felony. I.C. § 23-19-5-8.[2] In Smith's first appeal, we addressed whether this crime was the same as the offenses to which he had pled guilty in federal court for purposes of the statutory double jeopardy protection found in Indiana Code Section 35-41-4-5. We noted, "Both the federal indictment and the state charges arise from the overarching Ponzi scheme involving numerous victims in multiple states who were harmed by the actions of Smith and Snelling." *Smith*, 993 N.E.2d at 1190. Additionally, we observed that the federal court's judgment ordered Smith to pay restitution of $5 million, which specifically included restitution to the Indiana victims named in the state charges.

[9]     We ultimately held with respect to the statutory double jeopardy question:

> The counts allege that Smith knowingly transacted business as a broker-dealer without being registered as such with the Indiana Secretary of State, Securities Division, as required by law, and without being exempt from registration. In those counts the offense is failing to register as a broker-dealer as required by law before transacting business as such and does not involve the same conduct as the conduct forming the basis for Smith's federal conviction, i.e., devising and participating in the scheme to defraud investors.

---

[1] Technically, one of the five counts of which Smith was convicted fell under now-repealed Indiana Code Section 23-2-1-8(a), which was in effect prior to July 1, 2008, and was worded substantially similar to current Indiana Code Section 23-19-4-1(a) for purposes of this case.

[2] This offense is now a Level 5 felony.

There is no overlap between the failing to register counts in this proceeding and Smith's federal conviction. On one hand, had Smith been registered as a broker-dealer, he would still have faced the federal prosecution for his fraudulent acts. On the other, had Smith sold legitimate securities, he would have still have faced prosecution in this proceeding for his failure to register as a broker-dealer.

*Id.* at 1190-91.

[10] "The law of the case doctrine provides that an appellate court's determination of a legal issue binds both the trial court and the appellate court in any subsequent appeal involving the same case and substantially the same facts." *Murphy v. Curtis*, 930 N.E.2d 1228, 1234 (Ind. Ct. App. 2010), *trans. denied*. Unlike res judicata, the law of the case doctrine is discretionary, and the matters decided in the earlier appeal must clearly appear to be the only possible construction of the appellate opinion. *Id.* "Thus, questions not conclusively decided in the earlier appeal do not become the law of the case." *Id.*

[11] The State fails to analyze or even mention our earlier opinion in this case. That opinion clearly held that Smith could face prosecution on state charges of failing to register as a broker-dealer because they were entirely different in nature than the federal convictions related to defrauding investors. Our first opinion is the law of the case on that question. Also, the federal charges led to restitution orders with respect to Smith's Indiana victims. It was Smith's conduct as charged in federal court that led to the victim's losses, not his failure to register as a broker-dealer. The State fails to adequately demonstrate that

there was anything about Smith's failure to register as a broker-dealer that caused financial loss to the victims. Smith also did not explicitly agree to pay restitution with respect to these charges. As such, we conclude there is an inadequate legal and factual basis for awarding restitution under Smith's failure to register as a broker-dealer charges.

[12] We reverse the award of restitution in this case. Furthermore, this is not an instance in which there simply was a failure of proof regarding the amount of restitution, in which case we might remand for the State to have another opportunity to submit proof. *See Iltzsch*, 981 N.E.2d at 57. Rather, there is no legally tenable basis for awarding restitution in this case, and we will not remand for another hearing.

## II. Single Episode of Criminal Conduct

[13] Next, we address Smith's argument that his five convictions for failing to register as a broker-dealer constituted a single episode of criminal conduct subject to statutory limitations on sentencing for such crimes. Under Indiana Code Section 35-50-1-2(c), a defendant's sentence for multiple felony convictions, other than for crimes of violence, arising out of single episode of criminal conduct shall not exceed the advisory sentence for a felony one class higher than the most serious felonies of which the defendant was convicted.[3] Here, all of Smith's convictions were for Class C felonies. The advisory

---

[3] Indiana Code Section 35-50-1-2(c) has undergone revision in recent years to reflect Indiana's change from "classes" of felonies to "levels."

sentence for a Class B felony was ten years. I.C. § 35-50-2-5(a). Smith received a sentence of forty years.

[14] Whether a series of crimes is related in some way is not the relevant test for determining whether they constituted a single episode of criminal conduct. *Reeves v. State*, 953 N.E.2d 665, 671 (Ind. Ct. App. 2011), *trans. denied*. Rather, the "straightforward" statutory definition of an "episode of criminal conduct" is "'offenses or a connected series of offenses that are closely connected in time, place, and circumstance.'" *Reed v. State*, 856 N.E.2d 1189, 1199 (Ind. 2006) (quoting I.C. 35-50-1-2(b)). "Citing the American Bar Association standard, *Tedlock* [*v. State*] refers to the 'simultaneous' and 'contemporaneous' nature of the crimes which would constitute a single episode of criminal conduct." *Smith v. State*, 770 N.E.2d 290, 294 (Ind. 2002) (quoting *Tedlock v. State*, 656 N.E.2d 273, 276 (Ind. Ct. App. 1995)).

[15] In *Tedlock*, the defendant was an unregistered broker-agent who fraudulently sold securities to four different victims on four different dates and who was eventually convicted of four counts of Class C felony securities fraud. On appeal, we held the four counts did not constitute a single episode of criminal conduct and affirmed the imposition of consecutive sentences that resulted in a sentence in excess of ten years. *Tedlock*, 656 N.E.2d at 276-77. In *Reeves*, the defendant was engaged in a Ponzi scheme that included fraudulently selling different bonds to different sets of victims in separate transactions and he eventually was convicted of nine counts of Class C felony aiding, inducing, or causing securities fraud. We affirmed the imposition of consecutive sentences

totaling fifty-four years because the offenses did not constitute a single episode of criminal conduct. *Reeves*, 953 N.E.2d at 671-72.

[16] At first glance, the present case appears similar to *Tedlock* and *Reeves*. Smith was engaged in a Ponzi scheme by dealing in securities and made at least five sales of securities in Indiana on five different occasions to five different victims. However, Smith was not convicted of securities fraud here; those convictions were entered in federal court. As we explained above, he was convicted of the much different charge of transacting business without having registered as a broker-dealer. That charge does not require any proof of fraudulent conduct. Instead, the primary conduct it addresses is failing to register with the Indiana Secretary of State before holding oneself out as a broker-dealer.

[17] In *Study v. State*, 602 N.E.2d 1062 (Ind. Ct. App. 1992), we addressed a similar statute regarding loan brokering in the context of a double jeopardy claim. The statute in that case, Indiana Code Section 23-2-5-4(a), prohibits a person from engaging "in the loan brokerage business in Indiana unless the person first obtains a loan broker license from the" Secretary of State's securities commissioner. A knowing violation of the registration requirement is a felony. *See* I.C. § 23-2-5-16. In *Study*, the defendant held himself out as a loan broker and twice accepted money from a victim in exchange for unfulfilled promises to purchase certificates of deposit on the victim's behalf. The defendant was convicted of two counts each of theft and for failing to register as a loan broker. On appeal, we held the defendant could only be convicted of one count of failing to register. We explained, "an individual who fails to register

continuously commits an offense, i.e., by failing to register, the individual commits a criminal act that continues, and is continuous, until such time as the individual is prosecuted for the offense." *Study*, 602 N.E.2d at 1068. Thus, the defendant committed only one violation of the registration requirement by the first act of loan brokering, "regardless of the number of subsequent acts of loan brokering." *Id.*

[18] We acknowledge that *Study* concerns double jeopardy principles, not a sentencing argument. Smith does not make a double jeopardy claim. Additionally, he pled guilty to the five offenses, which precludes any double jeopardy claim here. *See Mapp v. State*, 770 N.E.2d 332, 333 (Ind. 2002). Still, we find *Study*'s discussion of the continuous nature of a very similar crime to be instructive.

[19] In light of *Study*'s language and our holding in Smith's first appeal, we conclude that Smith committed one single episode of criminal conduct by failing to register as a broker-dealer with the Secretary of State and then knowingly proceeding to transact business without having done so. The precise number of times that Smith transacted business is not the gravamen of the offense; rather, it is his initial failure to register. That failure is a grievance against the Secretary of State and the State as a whole, which by itself did not result in direct harm to the victims. *See Kahn v. State*, 493 N.E.2d 790, 794 (Ind. Ct. App. 1986) (holding that crime of failing to obtain license to sell securities occurred in Marion County because Secretary of State's office is located there), *trans. denied*.

[20] Therefore, regardless of Smith's subsequent acts of transacting business without having first registered as a broker-dealer, such acts constitute a single episode of criminal conduct for purposes of Indiana Code Section 35-50-1-2(c). As such, the total sentence Smith may receive is ten years, the advisory sentence for a Class B felony. We reverse the imposition of the forty-year sentence and remand for the trial court to craft a sentence that complies with this opinion, including recalculation of suspended time Smith may receive, if any. Also, by reducing Smith's total sentence from forty to ten years, we believe it is unnecessary to address his additional argument that his forty-year sentence was inappropriate.

## Conclusion

[21] We reverse the restitution order against Smith in this case; of course, the federal court restitution order for these victims is still in place. We also conclude that Smith's five offenses for failing to register as a broker-dealer constitute a single episode of criminal conduct. We reverse Smith's sentence and remand for resentencing consistent with this opinion.

[22] Reversed and remanded.

Kirsch, J., and Najam, J., concur.