## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 20 2017, 9:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bethany Redinbo
Delphi, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Johnny R. Green, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | July 20, 2017 <br><br> Court of Appeals Case No. <br> 20A03-1702-CR-374 <br><br> Appeal from the Elkhart Superior Court <br><br> The Honorable Teresa L. Cataldo, Judge <br><br> Trial Court Cause No. <br> 20D03-1411-FA-24 |

**Baker, Judge.**

[1] Johnny Green appeals his convictions for two counts of Class A Felony Dealing in Heroin Within 1,000 Feet of a Public Park[1] and one count of Class B Felony Possession of Heroin With Intent to Deliver.[2] Green argues that the trial court should have granted his motion to dismiss based on double jeopardy concerns and that the trial court erroneously admitted certain evidence. Finding no error, we affirm.

## Facts

[2] In March 2014, a Confidential Informant (CI) working for the Elkhart Police Department participated in two controlled buys of heroin from Green at Green's apartment. On each occasion, the CI purchased a foil packet containing .23 grams of a substance later determined to be heroin. Following the second controlled buy, law enforcement executed a search warrant of the apartment and found, among other things, more packets of heroin totaling 4.01 grams and paraphernalia associated with the packaging of drugs for sale. On November 19, 2014, the State charged Green with three counts of Class A felony dealing in heroin within 1,000 feet of a public park and one count of Class B felony possession of heroin with intent to deliver.

[3] Meanwhile, Green was federally charged as the result of an investigation into the trafficking of heroin and cocaine between Michigan and Illinois. Green

---

[1] Ind. Code § 35-48-4-1.

[2] *Id.*

originally faced two charges in the federal cause: first, for conspiring with multiple individuals to manufacture, possess, and distribute heroin; and second, for possessing heroin with the intent to distribute on August 31, 2014, in Michigan. On May 1, 2015, Green pleaded guilty to the conspiracy charge as a Class C felony and the possession charge was dismissed. Appellant's App. p. 63, 67.

[4] On June 30, 2016, Green moved to dismiss the state charges based on double jeopardy concerns stemming from the federal charges and conviction. The trial court denied the motion. At the beginning of Green's September 27, 2016, bench trial, the State dismissed one of the Class A felony dealing charges. During the trial, the trial court overruled Green's objection to the State's evidence regarding the distance between his apartment and a nearby public park. At the close of the trial, the trial court found Green guilty as charged.

[5] On January 19, 2017, the trial court sentenced Green to concurrent thirty-year terms for the two Class A felony dealing in heroin within 1,000 feet of a public park convictions and to a consecutive ten-year term for the Class B felony possession of heroin with intent to deliver conviction. The trial court suspended ten years of the sentence to probation and ordered another ten years could be served in community corrections, if available. Green now appeals.

# Discussion and Decision

# I.  Double Jeopardy

[6]     Green argues that the Indiana charges must be dismissed pursuant to Indiana's statutory double jeopardy limitation on dual sovereign prosecutions:

> In a case in which the alleged conduct constitutes an offense within the concurrent jurisdiction of Indiana and another jurisdiction, a former prosecution in any other jurisdiction is a bar to a subsequent prosecution for the same conduct in Indiana, if the former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.[3]

Ind. Code § 35-41-4-5.[4]  In other words, a former conviction in any other jurisdiction bars subsequent prosecution by the State for the "same conduct." *Swenson v. State*, 868 N.E.2d 540, 541-42 (Ind. Ct. App. 2007).  When determining whether the "same conduct" is included in both this State's prosecution and the sister jurisdiction's prosecution, we must consider "the 'overt acts' alleged in the sister jurisdiction's charge in juxtaposition with the allegation in the State's charge."  *Id.*

---

[3] Because the United States dismissed the possession charge against Green and none of the circumstances described in Indiana Code section 35-41-4-3 were present, only the conspiracy conviction is relevant for purposes of our double jeopardy analysis.

[4] It is undisputed that Green has no state or federal constitutional double jeopardy claim.

[7] Here, Green's federal conviction was based on his participation in a conspiracy to transport cocaine between Chicago, Illinois, and Benton Harbor, Michigan. His alleged involvement included buying drugs in Michigan from the primary subject of that investigation, selling drugs on one occasion in Michigan, and participating in phone conversations related to those drugs. The federal charges and allegations do not claim that Green agreed to sell drugs in Indiana as part of the conspiracy, nor are those charges based upon what occurred in Green's Elkhart residence on March 25 and 26, 2014.

[8] It is true, as Green points out, that the time period of the federal conspiracy charge included March 2014 and that the presentence report prepared in the federal cause mentioned the drugs found in Green's Elkhart residence. But these facts do not mean that Green's federal charges were based on the "same conduct" underlying his state charges. Green has failed to show that the drugs sold and recovered from his Elkhart residence in March 2014 were procured through or sold as part of the conspiracy, or that the Michigan federal district court actually relied on any facts related to the March 2014 controlled buys and possession when accepting his guilty plea in the federal cause.

[9] We simply cannot conclude that Green's federal charges, which were based on a conspiracy that did not even take place in the State of Indiana, were also based on the "same conduct" underlying the dealing and possession charges filed by this State. Therefore, the trial court did not err by denying Green's motion to dismiss on this basis.

# II. Admission of Evidence

[10] Green also argues that the trial court erroneously admitted evidence regarding the distance between his apartment and the public park. We will reverse a trial court's ruling on the admissibility of evidence only if the decision is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights. *E.g.*, *Shelton v. State*, 26 N.E.3d 1038, 1042 (Ind. Ct. App. 2015).

[11] At trial, the State offered the testimony of Elkhart Police Detective Brian Schroth to establish that the controlled buys occurred within 1,000 feet of a public park. Detective Schroth explained that he measured that distance using Google Earth and that he had previously verified Google Earth distances in many other cases by using a wheel tape measuring device. The detective presented two exhibits—an aerial view of the location and a second aerial view indicating his line of measurement. Green objected to the second exhibit on the basis that the State had not shown the measurement from Google Earth to be reliable; the trial court overruled the objection based on the detective's testimony that he had verified other Google Earth measurements in the past. Green did not otherwise object to the detective's testimony or the first exhibit, nor did he object to the detective's calculation that the distance between his residence and the public park was 820 feet.

[12] Because Green did not object to the admission of the first exhibit or to Detective Schroth's testimony, he has waived this argument for appellate

purposes. *E.g.*, *Halliburton v. State*, 1 N.E.3d 670, 683 (Ind. 2013). He argues that the State should have presented foundational evidence regarding the accuracy of the police department's wheel tape apparatus, but as he lodged no objection in this regard below, he may not make this argument on appeal.

[13] Waiver notwithstanding, we have observed that "because there is no complex scientific process necessary to obtain a measurement of distance," the State need only "show that the measuring device was accurate and was operated correctly in order to allow the admission of the distance as evidence." *Charley v. State*, 651 N.E.2d 300, 303 (Ind. Ct. App. 1995). Here, Detective Schroth testified that he has previously verified Google Earth distances in other drug cases on more than twenty occasions, he explained his method of measurement, and he documented that measurement through the introduction of his second exhibit. This testimony indicated that Google Earth is a reliable measurement tool for distances within the city of Elkhart and that the officer properly used the tool. Consequently, the trial court did not err by admitting the evidence.

[14] The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.