STATE of Indiana, Appellant,

v.

Darlene ALLEN and Flora B. Allen,
Appellees–Defendants.

No. 18A02–9309–CR–511.

Court of Appeals of Indiana,
Second District.

Jan. 19, 1995.

Rehearing Denied March 3, 1995.

Transfer Denied May 3, 1995.

Pamela Carter, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellant.

Marianne L. Vorhees, Beasley Gilkison Retherford Buckles & Clark, Muncie, for Darlene Allen.

Ronald K. Smith, Muncie, for Flora B. Allen.

**OPINION**

SULLIVAN, Judge.

The State appeals the dismissal of charges against Flora and Darlene Allen. The issues presented for our review are:

I.   whether the State filed a timely praecipe from the order dismissing charges against Flora; and

II.   whether the trial court erred in dismissing the charges against both women.

We hold that the trial court erred in dismissing Count I of the State's indictment, but did not err in dismissing Count XI. Accordingly, we affirm in part, reverse in part, and remand for trial.

Darlene and Flora were the subject of a joint federal prosecution commenced on August 21, 1991, in the United States District Court of Indiana, Southern District. Count I

of the six-count indictment [1] charged the two with conspiracy to possess with intent to distribute and to deliver cocaine. Both women pleaded guilty to the conspiracy charge, and the federal government dismissed the remaining charges. Flora was sentenced to thirty-seven months imprisonment and Darlene was sentenced to thirty months imprisonment.

On January 29, 1992, a Delaware County grand jury indicted Darlene and Flora on several charges arising from the same circumstances surrounding the federal prosecution. Count I charged the women with Corrupt Business Influence, and Count XI charged them with conspiracy to deliver cocaine.[2] The trial court determined that all State charges were for the same conduct as the federal charge and therefore contravened Indiana's double jeopardy prohibition as contained in I.C. 35–41–4–5 (Burns Code Ed. Repl.1994).[3] Accordingly, the trial court found that the State prosecution was barred and dismissed the charges with prejudice.

Although both women were prosecuted separately, pursuant to Ind.Appellate Rule 5(B), we granted the State's motion to consolidate the appeals.

## I. *Timely Praecipe*

■ Flora argues that the State did not file a timely praecipe. Flora filed her amended motion to dismiss on June 25, 1993. The trial judge granted the motion and ordered the case dismissed on June 30, 1993. However, the order was never entered on the clerk's docket and the State did not receive notice of the order until July 30, 1993. On August 2, 1993, the trial court acknowledged that the dismissal order had never been entered on the docket and proceeded to enter the order *nunc pro tunc* as of June 30, 1993.

Flora argues that the State was required to file it praecipe thirty days from June 30, 1993. Indiana Appellate Rule 2(A) provides that a praecipe shall be filed thirty days "after the *entry* of a final judgment...." (emphasis supplied). Here, the judgment, although effective as of June 30, 1993, was not entered until August 2, 1993. Accordingly, the praecipe, also filed August 2, 1993, was timely filed.

If the State had actual notice of the June 30 order we might be constrained to hold differently. Flora points out that at the bottom of the order, there are instructions that a copy should be sent to the prosecutor. This, she argues, is evidence that the prosecutor received a copy of the order in a timely fashion. However, as stated by Flora herself, the instruction is merely proof that "distribution was *to be* made" to the prosecutor; it is not proof that distribution *was* made. Flora's Brief at 6 (emphasis supplied). Had normal procedures been followed, the order would have been entered upon the clerk's docket on June 30, 1993. It was not. This fact leads to the conclusion that normal procedures for distributing copies were also not followed. The trial judge entered the order of dismissal without hearing and the prosecutor stated in a sworn affidavit that he had not received a copy of the order until July 30. There is no affirmative evidence of record that the State received notice of the order prior to July 30, 1993.

Because the praecipe was timely filed, we need not address Flora's argument that the State should have filed a motion to correct error instead of a praecipe.

## II. *Double Jeopardy Statute*

■ The Indiana and United States Constitutions provide no protection from double jeopardy as between federal and state prose-

---

1. Flora was charged in five of the six counts; Darlene was charged in two of the six counts.

2. The State indictment charged Flora, Darlene, and six other named defendants with a total of eleven counts. Only Counts I, II, III, and XI pertain to Flora. Only Counts I, IV, and XI pertain to Darlene.

   The State does not appeal the dismissal of Counts II and III pertaining only to Flora, nor the dismissal of Count IV, pertaining only to Darlene.

3. I.C. 35–41–4–5 reads as follows:

   "In a case in which the alleged conduct constitutes an offense within the concurrent jurisdiction of Indiana and another jurisdiction, a former prosecution in any other jurisdiction is a bar to a subsequent prosecution for the same conduct in Indiana, if the former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter."

cutions. "[T]he double jeopardy provisions of the United States Constitution and the Indiana Constitution do not bar a state prosecution for conduct which was the subject of a prior federal prosecution since the state and federal governments are considered to be 'separate' or 'dual' sovereigns." *Haggard v. State* (1983) Ind., 445 N.E.2d 969, 972.

However, Indiana, through I.C. 35–41–4–5, has provided statutory protection against double jeopardy with regard to federal and state prosecutions. The statute provides that a former conviction in any other jurisdiction, including federal, bars subsequent prosecution by the State for the "same conduct." Therefore, the double jeopardy question involved in this case is one of statutory construction, rather than constitutional construction.

### III. *Corrupt Business Influence*

■ The State charged Darlene and Flora with Corrupt Business Influence [4], a violation of the Indiana Racketeer Influenced and Corrupt Organizations Act (RICO).[5] Both women were convicted in federal court of the single conspiracy count, i.e., conspiracy to possess with intent to distribute and to distribute cocaine.[6]

In order to obtain a conviction, the State must prove "a [p]attern of racketeering activity". I.C. 35–45–6–1. This in turn requires proof of at least two predicate offenses.[7] As one of the predicate offenses supporting the Corrupt Business charge, the State alleged that Flora and Darlene each had conspired to possess cocaine. We agree that the conspiracy to possess cocaine alleged as a predicate

4. I.C. 35–45–6–2 (Burns Code Ed.1994).

5. I.C. 35–45–6–1 *et seq* (Burns Code Ed.Repl. 1994).

6. 21 U.S.C. § 841(a)(1) (1984) and 21 U.S.C. § 846 (Supp.1994).

7. I.C. 35–45–6–1 reads as follows:
   " 'Pattern of racketeering activity' means engaging in at least two (2) incidents of racketeering activity that have the same or similar intent, result, accomplice, victim, or method of commission, or that are otherwise interrelated by distinguishing characteristics that are not isolated incidents. However, the incidents are a pattern of racketeering activity only if at least

offense in the State indictment is the same conduct for which Flora and Darlene were convicted in federal court. However, we hold that this did not violate Indiana's double jeopardy statute.

■ The United States Supreme Court has set forth a two-step analysis for determining whether successive prosecutions violate the Double Jeopardy Clause of the United States Constitution. *Garrett v. United States* (1985) 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764, *reh'g denied.* Because our double jeopardy statute seeks to protect a defendant from the same danger as the federal constitutional double jeopardy provisions, we find this test helpful, although not determinative, in interpreting our statute.[8]

■ First, we must determine whether the Indiana General Assembly intended that the RICO violation be an offense separate from the predicate offenses. *Garrett, supra*, 471 U.S. at 777, 105 S.Ct. at 2410–11. If not, no further analysis is needed because the legislature has not authorized a subsequent prosecution. *Id.* If the legislature did intend that RICO established a different offense, the second step is to determine whether the subsequent offense is the "same conduct" for purposes of Indiana's double jeopardy statute. *Id.*

### A. *Legislative Intent*

■ Indiana's RICO statute is patterned after the federal RICO statute. *4447 Corp. v. Goldsmith* (1987) Ind., 504 N.E.2d 559, 560, *rev'd on other grounds sub nom*, (1989) 489 U.S. 46, 109 S.Ct. 916, 103

one (1) of the incidents occurred after August 31, 1980, and if the last of the incidents occurred within five (5) years after a prior incident of racketeering activity."

8. This is especially true where Indiana, as yet, has only one case discussing double jeopardy concerns in an Indiana RICO prosecution. *See Dellenbach v. State* (1987) 3d Dist.Ind.App., 508 N.E.2d 1309, 1316. Our courts have often looked to federal law in interpreting state and federal constitutional double jeopardy issues. *See Haggard, supra*, 445 N.E.2d 969. Specifically, the Third District looked to federal constitutional law as an aid in interpreting Indiana's double jeopardy statute. *Dellenbach, supra.* We shall do the same.

L.Ed.2d 34. Federal circuits addressing the question have agreed that Congress intended separate convictions for RICO and its predicate offenses.[9] The only Indiana authority on the subject has held that the Indiana legislature also intended separate convictions for a RICO violation and its predicate offenses. *Dellenbach v. State* (1987) 3d Dist. Ind.App., 508 N.E.2d 1309, 1316. We agree.

### B. *Substantive Double Jeopardy*

We must now determine whether a prosecution for a RICO violation based upon a predicate offense of conspiracy to possess with intent to deliver and to deliver cocaine in violation of 21 U.S.C. § 846 violates Indiana's double jeopardy statute. We conclude that it does not.

■ The United States Supreme Court has resolved this issue under substantially similar facts. In *Garrett, supra,* 471 U.S. 773, 105 S.Ct. 2407, the defendant was convicted in federal court of importation of marijuana. He was subsequently charged with engaging in a continuing criminal enterprise (CCE).[10] CCE is much like RICO in that it seeks to punish a scheme of ongoing criminal activity and requires proof of predicate offenses. *United States v. Gonzalez* (1991) 11th Cir., 921 F.2d 1530, 1537, *cert. denied,* (1991) 502 U.S. 860, 112 S.Ct. 178, 116 L.Ed.2d 140. The Court held that a prosecution for a CCE violation using a prior conviction as a predicate offense did not violate double jeopardy. "Quite obviously the CCE offense is not, in any commonsense or literal meaning of the term, the 'same' offense as one of the predicate offenses." *Garrett, supra* 471 U.S. at 786, 105 S.Ct. at 2415. The Court went on the state that the CCE offense requires proof that the defendant committed three predicate offenses, that the of-

fenses were part of a continuing series of predicate offenses, that the predicates were committed in concert with five or more other persons, that the defendant occupied a management position, and that the defendant received substantial income from the continuing criminal enterprise.

Here, the State charged Flora and Darlene with a violation of subsection (3) of the Corrupt Business Influence statute, I.C. 35–45–6–2 (Burns Code Ed.Repl.1994).[11] That section provides that a person who "is employed by or associated with an enterprise, and who knowingly or intentionally conducts or otherwise participates in the activities of that enterprise through a pattern of racketeering activity" commits corrupt business influence. *Id.*

To sustain a conviction against Flora and Darlene under the Indiana RICO statute, the State would be required to prove: 1) that they were each employed or associated with an enterprise; 2) that each conducted or participated in the activities of the enterprise; 3) that such participation occurred through a pattern of racketeering activity. To prove a pattern of racketeering activity, the State was required to prove: 1) that each committed two predicate offenses; and 2) that the offenses had the same or similar intent, result, accomplice, victim, or method of commission, or were otherwise interrelated. I.C. 35–45–6–1. Like the importation of marijuana offense in *Garrett,* the conspiracy to possess and to deliver cocaine offense here is not the "same offense" as an Indiana RICO violation.

In fact, at least two federal courts have held that a RICO prosecution requires proof of different elements than those elements required for a conspiracy conviction under 21

---

**9.** *See United States v. Persico* (1985) 2d Cir., 774 F.2d 30; *United States v. Grayson* (1986) 3d Cir., 795 F.2d 278, *cert. denied,* (1987) 479 U.S. 1054, 107 S.Ct. 927, 93 L.Ed.2d 978; *United States v. Phillips* (1981) 5th Cir., 664 F.2d 971, *cert. denied,* (1982) 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354; *United States v. Licavoli* (1984) 6th Cir., 725 F.2d 1040, *cert. denied,* (1984) 467 U.S. 1252, 104 S.Ct. 3535, 82 L.Ed.2d 840; *United States v. Gonzalez* (1991) 11th Cir., 921 F.2d 1530, *cert. denied,* (1991) 502 U.S. 860, 112 S.Ct. 178, 116 L.Ed.2d 140.

**10.** 21 U.S.C. § 848 (1994).

**11.** Although the indictment did not specify which subsection Flora and Darlene were accused of violating, the indictment charged that both women "knowingly, while Associated with an enterprise, participate in the activities of said enterprise ... through a pattern of racketeering activities...." Flora's Record at 96, Darlene's Record at 54. This language tracks subsection (3) of I.C. 35–45–6–2 almost verbatim.

U.S.C. § 846. *Gonzalez, supra,* 921 F.2d at 1538; *United States v. Boldin* (1985) 11th Cir., 772 F.2d 719, *cert. denied,* (1986) 475 U.S. 1048, 106 S.Ct. 1269, 89 L.Ed.2d 577. *See also United States v. Phillips* (1981) 5th Cir., 664 F.2d 971, 1014, *cert. denied,* (1982) 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (where predicate offense is aiding and abetting the importation of marijuana, RICO prosecution requires proof of additional element that the defendant agreed to violate a substantive RICO provision).[12]

Even so, our analysis is not complete. In *Garrett,* after concluding that a CCE violation and the importation of marijuana offense were not the same, the Court proceeded to look at the charges forming the basis of the CCE prosecution. 471 U.S. at 786, 105 S.Ct. at 2415. The Court then recited the specific facts of the case. The importation offense occurred on single days in 1979 and 1980 respectively in the state of Washington. Some of the acts forming the basis of the CCE prosecution spanned five and one-half years and included smuggling operations in Louisiana and Florida. 471 U.S. at 788–789, 105 S.Ct. at 2416–2417.

Finally, the Court specifically held that the double jeopardy analysis employed for single-course of conduct crimes was not analogous to double jeopardy analysis in complex criminal enterprise cases. *Garrett, supra,* 471 U.S. at 778, 105 S.Ct. at 2411. The Court explained that in a single-act crime, as in *Brown v. Ohio* (1977) 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187, every minute the defendant acts, he "simultaneously commit[s] both the lesser included misdemeanor and the greater felony, but the same simply is not true of [the CCE defendant]." *Garrett, supra* 471 U.S. at 789, 105 S.Ct. at 2416. Accordingly, the Court concluded that the CCE prosecution did not violate double jeopardy.[13]

■ As to Flora, the State alleges as predicate offenses for the RICO charge that on separate occasions Flora possessed two ounces of cocaine, one ounce of cocaine, and three grams of cocaine. The indictment further alleges that Flora knowingly received property stolen from retail merchants, including auto batteries and clothing. Flora could be convicted of three separate counts of possession in addition to the federal conspiracy conviction without violating the double jeopardy statute. "[A] defendant may be convicted of both conspiracy to commit a felony and commission of the underlying felony." *Derado v. State* (1993) Ind., 622 N.E.2d 181, 184. Therefore, the possession charges are not the same conduct as those charged in the federal conspiracy indictment. Clearly, the receipt of stolen property allegation does not involve the same conduct as the conspiracy conviction. These predicate offenses, although the underlying felonies of the federal conspiracy, could subject Flora to a subsequent prosecution without violating double jeopardy.[14] Where a prosecution for the un-

**12.** The federal circuits are split over whether a RICO conviction requires proof that the defendant agreed to violate substantive provisions of the RICO statute or whether there must only be proof that the defendant agreed to commit the two predicate offenses. *See Koger v. State* (1987) 1st Dist.Ind.App., 513 N.E.2d 1250.

**13.** Significantly, in analyzing the double jeopardy issue, the Court wholly failed to apply *Blockburger v. United States* (1932) 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. "[T]he *Blockburger* rule is not controlling when the legislative intent is clear from the face of the statute or the legislative history." *Garrett, supra,* 471 U.S. at 779, 105 S.Ct. at 2411–12. Citing *Garrett,* the Eleventh Circuit has stated, "Once the primary tool for Double Jeopardy determinations, the *Blockburger* test is apparently now used, in large part, as a 'cannon of statutory construction'...." *Gonzalez, supra,* 921 F.2d at 1536 n. 5. Our Third District has also recognized the diminished

role *Blockburger* plays in double jeopardy analysis. *Dellenbach, supra,* 508 N.E.2d at 1316.

**14.** Had the federal charging instrument listed these offenses as the overt acts to prove the conspiracy, Flora might not be subject to a subsequent State prosecution on each possession charge. Where a defendant has been convicted of conspiracy, and the overt act alleged in the conspiracy indictment is the underlying felony, the defendant may not subsequently be prosecuted for the underlying felony itself. *Derado, supra,* 622 N.E.2d at 184.

That is not the case here, however. The overt acts alleged in the federal conspiracy prosecution do not include possession of one ounce, two ounces, or three ounces. Accordingly, these separate acts of possession could be prosecuted as three separate acts.

We do note that both the federal conspiracy prosecutions alleged as an overt act that Flora

derlying felony itself does not offend double jeopardy, we see no reason to hold that double jeopardy is offended where the underlying felonies are instead used as predicate offenses in a RICO prosecution.

As to Darlene, the State alleges as predicate offenses for the RICO charge that on two separate occasions, Darlene delivered one-eighth of an ounce of cocaine to Ron Riegles. As stated above, Darlene could be convicted of two separate counts of delivery in addition to the federal conspiracy conviction without violating the double jeopardy statute.[15] She was not subjected to double jeopardy where this conduct was not itself prosecuted, but was instead used as a predicate offense to support a RICO prosecution.

Indeed, federal courts have uniformly held that a conviction for conspiracy to possess or to deliver cocaine in violation of 21 U.S.C. § 846 may be used as a predicate offense for a RICO violation without violating double jeopardy. *Gonzalez, supra,* 921 F.2d at 1537; *Boldin, supra,* 772 F.2d at 727; *United States v. Black* (1985) D.C.Cir., 759 F.2d 71; *see also United States v. Grayson,* (1986) 3d Cir., 795 F.2d 278, 285, *cert. denied,* (1987) 479 U.S. 1054, 107 S.Ct. 927, 93 L.Ed.2d 978 (a conviction under 21 U.S.C. § 846 does not bar a subsequent CCE prosecution) and *United States v. Licavoli* (1984) 6th Cir., 725 F.2d 1040, 1045, *cert. denied,* (1984) 467 U.S. 1252, 104 S.Ct. 3535, 82 L.Ed.2d 840 (conviction of conspiracy to commit murder does not bar subsequent RICO prosecution; conviction for conspiracy to commit murder and the murder itself are separate predicate offenses satisfying the two-predicate offense requirement).

In *Gonzalez, Black,* and *Boldin,* the defendants were convicted of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. In *Boldin* and *Gonzalez,* the Eleventh Circuit specifically relied upon the *Garrett* analysis to hold that a subsequent prosecution for a RICO violation did not violate double jeopardy. As in these three cases, Flora and Darlene were convicted in federal court of violating 21 U.S.C. § 846. The only difference between these cases and the present one is that the subsequent prosecution was for a violation of the Indiana RICO statute, not the federal statute. As the Indiana RICO statute is patterned after the federal statute, we see no need to order a different result than that reached by the federal courts.

We hold that the trial court erred in dismissing Count I of the State indictment.

### IV. *Conspiracy to Deliver Cocaine*

The State also charged Flora and Darlene with conspiracy to deliver cocaine. The State alleged that in the summer and fall of 1990, Flora conspired with others to deliver cocaine. The federal indictment alleged that between November of 1988 and August of 1991, Flora conspired with others to possess and to distribute cocaine.

The State, citing *Saunders v. State* (1990) 1st Dist.Ind.App., 562 N.E.2d 729, *rev'd on other grounds,* 584 N.E.2d 1087, argues that whether there is one conspiracy or several is a question for the jury. This is a correct statement of law, but is not applicable to this case. In *Saunders,* the defendant was charged in one prosecution with several separate conspiracies. In such situation, the

possessed thirty-seven grams of cocaine. The State also alleged this possession as a predicate offense for the Indiana RICO violation. However, *Derado* does not address our situation where the underlying felony is only one of several overt acts alleged in the conspiracy prosecution. Neither does *Derado* discuss whether use of the underlying felony to prove a conspiracy conviction and a RICO violation would offend double jeopardy.

In any event, for purposes of determining whether the federal prosecution punishes different conduct than the current prosecution, we will assume that the thirty-seven gram possession offense has been subsumed by the federal prosecution. Even given this assumption, the acts

alleged in the State indictment involve offenses additional to those under the federal conviction and are thus not the "same conduct."

**15.** The federal indictment alleged that Darlene had delivered twenty-two ounces of cocaine as an overt act in furtherance of the conspiracy. The State alleged the same act as a predicate to the RICO charge. Due to considerations set out in footnote 14, we will consider this charge subsumed by the federal indictment. However, even without this allegation, the State RICO prosecution is for at least two felonies involving conduct different than that involved in the federal indictment.

jury does decide whether the State has proven one or several conspiracies. Here, however, Flora and Darlene have already been convicted of conspiracy. They contested the State prosecution based upon double jeopardy concerns. Whether a prosecution is barred by double jeopardy is a question of law, not fact, and is therefore not to be decided by a jury. This determination is made by considering the acts alleged in the federal charge in juxtaposition with the allegation in the State charge.

The State charge is barred by Indiana's double jeopardy statute. The overt acts alleged in the State and federal indictments include various cocaine possessions, deliveries, and agreements occurring in 1990. Although the timespan alleged in the federal indictment is greater, both indictments charge Flora and Darlene with conspiracy to deliver cocaine during the summer and fall of 1990. It is plain from the face of the federal and state indictments that both prosecutions encompass the same conduct.

The trial court did not err in dismissing Count XI of the State indictment. The order is affirmed in part, reversed in part, and the cause is remanded for further proceedings.

SHARPNACK, C.J. and
FRIEDLANDER, J. concur.