

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Justin Brewer,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 4, 2015<br><br>Court of Appeals Case No.<br>82A05-1410-CR-458<br><br>Appeal from the Vanderburgh Circuit Court<br><br>The Honorable David D. Kiely, Judge<br><br>Cause No. 82C01-1310-FA-1075 |

**Najam, Judge.**

## Statement of the Case

Justin Brewer appeals his convictions for auto theft, as a Class D felony, and resisting law enforcement, as a Class D felony, following a jury trial. Brewer raises a single issue for our review, namely, whether his convictions violate

Indiana's statutory prohibition against double jeopardy when Brewer had been convicted in the Commonwealth of Kentucky for the same or similar conduct. We affirm in part, reverse in part, and remand with instructions.

## Facts and Procedural History

On September 7, 2013, Brewer stole Mohammed Alnasser's orange Dodge Challenger in Vanderburgh County. Alnasser immediately reported the theft to 9-1-1 and described Brewer. Shortly thereafter, Evansville Police Department Officer Shawn Chapman observed Brewer driving the Challenger, and Officer Chapman attempted to initiate a traffic stop. But Brewer "slammed the accelerator" and "took off." Tr. at 188. Officer Chapman pursued Brewer at high speed, but Officer Chapman's vehicle did not have "near as much horse power" as the Challenger. *Id.* at 189.

Meanwhile, Officer Chris Keller of the Henderson County, Kentucky, Sheriff's office received a call from the Evansville Police Department that a stolen orange Challenger was "coming or getting ready to come into Henderson." *Id.* at 170. Officer Keller positioned his vehicle to intercept Brewer, but Brewer "cut[] through [a] . . . parking lot at a high rate of speed" and fled from Officer Keller. *Id.* at 171. Eventually, Brewer lost control of the Challenger and struck a utility pole. He then surrendered to Officer Keller.

In January of 2014, Brewer pleaded guilty in a Henderson County, Kentucky, court to, in relevant part, "Receiving Stolen Property" by "knowingly and unlawfully possessing property . . . knowing the property was stolen."

Appellant's App. at 36, 40.  Brewer also pleaded guilty to "Fleeing/Evading the Police by knowingly and unlawfully operating a motor vehicle with the intent to elude or evade in a manner that created a substantial risk of serious injury or death to any person or property." *Id.* at 37, 40.  Both of those convictions were entered as felony convictions under Kentucky law.

[5] On August 5, 2014, an Indiana jury found Brewer guilty of auto theft, as a Class D felony, and resisting law enforcement, as a Class D felony, based on his September 7, 2013, offenses.  On September 5, Brewer requested that the trial court vacate the jury's verdicts pursuant to Indiana Code Section 35-41-4-5.  The trial court denied Brewer's motion and entered judgment and sentence accordingly.  This appeal ensued.

## Discussion and Decision

[6] Brewer asserts that his Indiana convictions and his Kentucky convictions contravene Indiana's statutory prohibitions against double jeopardy.  As we have explained:

> Although the Indiana and United States Constitutions provide no protection from double jeopardy as between "dual sovereigns," Indiana has provided statutory protection against double jeopardy in such situations.  *See State v. Allen*, 646 N.E.2d 965, 967-68 (Ind. Ct. App. 1995), *trans. denied*.  Indiana's double jeopardy statute provides:
>
>> In a case in which the alleged conduct constitutes an offense within the concurrent jurisdiction of Indiana and another jurisdiction, a former prosecution in any other jurisdiction is a bar to a subsequent

> prosecution for the same conduct in Indiana, if the former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.
>
> Ind. Code § 35-41-4-5 (West 2004). That is, a former conviction in any other jurisdiction bars subsequent prosecution by this State for the "same conduct." *Allen*, 646 N.E.2d at 968.
>
> Whether a prosecution is barred by double jeopardy is a question of law. *Id.* at 972. This determination is made by considering the "overt acts" alleged in the sister jurisdiction's charge in juxtaposition with the allegation in the State's charge. *See id.* Because the prosecution here involves a former conviction in Kentucky, the double jeopardy question in this case is one of statutory construction rather than of constitutional dimension. *See id.*

*Swenson v. State*, 868 N.E.2d 540, 542 (Ind. Ct. App. 2007).

[7]     Brewer asserts that his January 2014 Kentucky convictions for receiving stolen property and fleeing/evading the police bar Indiana's prosecution of him for, respectively, auto theft and resisting law enforcement. The State concedes that Brewer's Kentucky conviction for receiving stolen property prohibited Indiana's prosecution of him for auto theft. Accordingly, we reverse the trial court's entry of conviction against Brewer for that offense and remand with instructions that the court vacate Brewer's conviction and sentence for auto theft, as a Class D felony.

[8]     However, we agree with the State that Brewer's Kentucky conviction for fleeing/evading the police does not prohibit Indiana from prosecuting Brewer

for resisting law enforcement. According to Brewer, he committed one act of fleeing from the police, although he crossed state lines during that act. Brewer also asserts that, although Indiana's statute on resisting law enforcement "is not a crime against the person" of the officer but "harms the peace and dignity of the State," *Vest v. State*, 930 N.E.2d 1221, 1227 (Ind. Ct. App. 2010), *trans. denied*, nonetheless allowing two sovereigns to prosecute him on these facts would be contrary to our double jeopardy statute.

[9] Brewer's reading of the double jeopardy statute is erroneous. The statute only applies when "the alleged conduct constitutes an offense within the concurrent jurisdiction of Indiana and another jurisdiction." I.C. § 35-41-4-5. That is not the case with respect to his Kentucky conviction for fleeing from the Kentucky officer and his Indiana conviction for resisting Indiana's law enforcement. Brewer's act of fleeing/evading Officer Keller of the Henderson County, Kentucky, Sheriff's Department was an offense wholly within the jurisdiction of the Commonwealth; Indiana has no jurisdiction to prosecute Brewer for his act of fleeing/evading a Kentucky officer within Kentucky. Likewise, Brewer's offense of resisting Officer Chapman of the Evansville, Indiana, Police Department was wholly within Indiana's jurisdiction; Brewer cites no authority for the proposition that Kentucky could—or did—prosecute him for his act of resisting Indiana's law enforcement within Indiana. *See Vest*, 930 N.E.2d at 1227. Thus, the alleged conduct underlying Brewer's Indiana conviction for resisting law enforcement is not "within the concurrent jurisdiction of Indiana

and another jurisdiction." I.C. § 35-41-4-5. Accordingly, the double jeopardy statute did not prohibit Indiana's prosecution of Brewer for this offense.

[10] In sum, we accept the State's concession that the double jeopardy statute prohibited the State's prosecution of Brewer for auto theft. We also agree with the State that the statute did not prohibit the State's prosecution of Brewer for resisting law enforcement. Accordingly, we affirm in part, reverse in part, and remand with instructions for the trial court to vacate Brewer's conviction and sentence for auto theft, as a Class D felony.

[11] Affirmed in part, reversed in part, and remanded with instructions.

Baker, J., and Friedlander, J., concur.