## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 02 2015, 9:14 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Yvette M. LaPlante
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Indianapolis, Indiana

Justin F. Roebel
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richard W. Robb, Jr., *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | October 2, 2015 <br><br> Court of Appeals Case No. 82A01-1502-CR-52 <br><br> Appeal from the Vanderburgh Circuit Court <br><br> The Honorable Kelli E. Fink, Magistrate <br><br> Trial Court Cause No. 82C01-1310-FA-1133 |

**Altice, Judge.**

## Case Summary

[1] In this interlocutory appeal, Richard W. Robb, Jr., appeals the trial court's denial of his motion to dismiss a charge for class A felony Dealing in Methamphetamine.[1] Robb has previously been convicted of possession of methamphetamine with intent to deal in the Eastern District of Missouri. Robb contends that Ind. Code § 35-41-4-5 bars his subsequent prosecution in Indiana for dealing in methamphetamine because Robb claims the Indiana offense constitutes the "same conduct" for which he has already been convicted in the Eastern District of Missouri.

[2] We affirm.

## Facts & Procedural History

[3] We glean the facts giving rise to the Indiana charge for dealing in methamphetamine from the probable cause affidavit. On October 16, 2013, a detective with the Evansville Vanderburgh County Drug Task Force (Drug Task Force) received information from a confidential informant that Robb had returned to Evansville from Texas with a large amount of methamphetamine. A second confidential informant informed the detective that Robb was staying in an apartment near the 1600 block of East Michigan Street and that he kept methamphetamine in his vehicle, which the informant identified as a teal green

---

[1] *See* Ind. Code § 35-48-4-1.1. Effective July 1, 2014, this offense was reclassified as a Level 2 felony. Because Robb committed this offense prior to that date, it retains its prior classification as a class A felony.

Mazda. Members of the Drug Task Force did a sweep of the vehicles located in the parking lot near an apartment rented by Robb's girlfriend at that location. A canine indicated that drugs were possibly located in the vehicle believed to belong to Robb. Members of the Drug Task Force then sought and obtained a search warrant for Robb's car.

[4] Prior to executing the search warrant for Robb's vehicle, members of the Drug Task Force approached the apartment where they believed Robb to be located to conduct a knock and talk. Before the officers arrived at the door, Robb exited the apartment, observed the officers, and immediately turned and ran back into the apartment. Robb then attempted to exit through a balcony door, but when he encountered another officer, he retreated back into the apartment. Robb was ultimately taken into custody inside the apartment. During the arrest, a key fob later determined to be for the teal green Mazda fell out of the pocket of Robb's shorts. While in custody, Robb admitted that there was methamphetamine located in his car.

[5] During a subsequent search of Robb's car, members of the Drug Task Force recovered a package containing a crystal-like substance that field tested positive for methamphetamine and had a field weight of 238.8 grams. Officers also recovered two drug ledgers from Robb's wallet during the search of the vehicle.

[6] On October 18, 2013, the State charged Robb in Vanderburgh County Circuit Court with Count I, dealing in methamphetamine as a class A felony, and Count II, resisting law enforcement as a class A misdemeanor. The State

subsequently filed a habitual offender enhancement to Count I. The charging information for the dealing offense states:

> [I]n Vanderburgh County, State of Indiana, on or about October 16, 2013, Richard W. Robb Jr. did possess with intent to deliver methamphetamine, pure or adulterated, said methamphetamine having a weight of three (3) grams or more, contrary to the form of the statutes in such cases made and provided by I.C. 35-48-4-1.1(a)(2) and against the peace and dignity of the State of Indiana.

*Appellant's Appendix* at 14. Robb entered a preliminary plea of not guilty on October 22, 2013.

At the time of his October 2013 arrest in Vanderburgh County, Robb was out on bond following an arrest in Pemiscot County, Missouri. The facts of that case are that on July 26, 2013, Robb was in a vehicle that fled from police. While fleeing, one of the suspects in the car threw a bag out of the car window that contained approximately 546.4 grams of a mixture substance, which was later determined to include 310.9 grams of actual methamphetamine. Robb claimed that "some other dude" was in the vehicle, threw out the package of drugs, and then jumped from the car. *Id.* at 43. One of the other suspects, however, identified Robb as the driver of the vehicle and as the individual who threw the drugs from the car. Police video also contradicted Robb's claim that another person was present in the vehicle and jumped from the vehicle.

On November 21, 2013, following his arrest in Indiana, a federal grand jury indicted Robb on a charge of possession of methamphetamine with intent to deal based on his acts in Missouri. The indictment provided as follows:

> On or about July 26, 2013, in Pemiscot County, Missouri, in the Eastern District of Missouri,
>
> RICHARD W. ROBB,
>
> The defendant herein, knowingly and intentionally possessed with intent to distribute five hundred grams or more of a mixture or substance containing a detectable amount of methamphetamine, a controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and punishable under Title 21, United States Code, Section 841(b)(1)(A)(viii).

*Id.* at 107. On June 17, 2014, Robb pleaded guilty to possession with intent to distribute in the federal cause and was sentenced to 151 months in the United States Bureau of Prisons.

On November 10, 2014, after Robb was returned to Vanderburgh County, Robb filed with the Vanderburgh Circuit Court a motion to dismiss Count I, as charged by the State of Indiana, on grounds that he had already been convicted of the same crime in the Eastern District of Missouri. The trial court held a hearing on Robb's motion to dismiss on January 5 and 9, 2015, and thereafter entered an order denying Robb's motion on January 27, 2015. The trial court granted Robb's request to certify its order for interlocutory appeal. This court accepted jurisdiction.

## Discussion & Decision

[10]    On appeal, Robb argues that the prosecution of him for the offense set forth in Count I is barred by statutory double jeopardy principles set forth in I.C. § 35-41-4-5. Specifically, Robb argues that because he was convicted and sentenced in the Eastern District of Missouri for the same conduct giving rise to Count I herein, the trial court erred in denying his motion to dismiss.

Generally, we review a trial court's ruling on a motion to dismiss a charging information for an abuse of discretion. *Delagrange v. State*, 951 N.E.2d 593, 594 (Ind. Ct. App. 2011), *trans. denied*. Whether a prosecution is barred by double jeopardy, however, is a question of law. *State v. Allen*, 646 N.E.2d 965, 972 (Ind. Ct. App. 1995), *trans. denied*. Where the issue before the court is a question of law, a de novo standard of review is applied. *Austin v. State*, 997 N.E.2d 1027, 1039 (Ind. 2013).

[11]    We begin by noting that federal and state governments are considered separate or dual sovereigns. *Smith v. State*, 993 N.E.2d 1185, 1189 (Ind. Ct. App. 2013) (citing *Allen*, 646 N.E.2d at 968), *trans. denied*. Although the Indiana and United States Constitutions provide no protection from double jeopardy as between "dual sovereigns," Indiana has provided statutory protection against double jeopardy in such situations. *See Allen*, 646 N.E.2d at 967-68. Thus, the issue before us is one of statutory interpretation, not of constitutional dimension.

[12]    Indiana's double jeopardy statute provides:

> In a case in which the alleged conduct constitutes an offense within the concurrent jurisdiction of Indiana and another jurisdiction, a former prosecution in any other jurisdiction is a bar to a subsequent prosecution for the same conduct in Indiana, if the former prosecution resulted in an acquittal or a conviction of the defendant . . . .

I.C. § 35-41-4-5. That is, a former conviction in any other jurisdiction bars subsequent prosecution by this State for the "same conduct." *Allen*, 646 N.E.2d at 968. This determination is made by considering the "overt acts" alleged in the sister jurisdiction's charge in juxtaposition with the allegation in the State's charge. *Id.* at 972.

[13] In support of his argument that Count I is based on the "same conduct" for which he was convicted and sentenced in the federal case, Robb directs us to Paragraph 21 of the federal pre-sentence investigation report (PSI). Paragraph 21 falls under the heading "The Offense Conduct" and gives a detailed account of the events of July 26, 2013, i.e., the subject of the federal indictment, as well as a brief summary of the events of October 16, 2013, i.e., the subject of Count I as charged by the State of Indiana. *Appellant's Appendix* at 65. Robb also points to that portion of the PSI describing the impact of the plea agreement on sentencing, wherein it is noted that the base level offense for purposes of sentencing without the benefit of the plea agreement would have been calculated by combining the amount of methamphetamine-mixture and methamphetamine Robb had in July and October 2013. Robb maintains that these references to the events that are the subject of Count I shows that the

October 16th conduct was "considered and incorporated during all phases of the prosecution of the federal case". *Appellant's Brief* at 9.

[14] Although Robb's federal plea agreement and his federal PSI both describe the events that took place in Indiana on October 16, 2013, including his possession of 238.8 grams of methamphetamine as part of his criminal conduct on that date, Robb did not provide us with a transcript of his guilty plea hearing showing that such was actually considered as part of the factual basis for his guilty plea or was considered by the court in sentencing. Robb has not presented any evidence that the district court judge actually relied on the factual assertions concerning the Indiana charge.

[15] In fact, the record before us actually supports a finding contrary to Robb's assertions in that the indictment in the federal case as well as the "Judgment in a Criminal Case" signed by the district court judge refer only to Robb's conduct on July 26, 2013, and his possession of 500 grams or more of a substance containing a detectable amount of methamphetamine. Noticeably absent from those documents is any reference to the facts underlying the Indiana offense. We thus view the references in the guilty plea and PSI to the facts giving rise to the Indiana charge as mere surplusage because they clearly do not relate to the offense charged in the indictment or reflected in the federal judgment of conviction. Furthermore, the district court judge indicated in the federal judgment that Robb would be tried separately for his Indiana conduct, specifically noting that the sentence imposed therein "shall run concurrent with

any sentence imposed" by the Vanderburgh Circuit Court in this cause. *Appellant's Appendix* at 56.

[16] To the extent the federal court noted that the Indiana case was "related" to the federal case, *id*. at 56, such does not equate to a finding that the two offenses are the "same conduct" or overt acts. To be sure, the crimes are indeed related in that Robb committed the Indiana offense while released on bond from the Missouri offense and the two offenses are similar in nature. As noted above, however, the offenses occurred on separate dates, in different states, and involved different amounts. In this vein, we fail to see how the Eastern District of Missouri would have had jurisdiction over the Indiana offense.

[17] We further observe that the Indiana conduct was included as part of Robb's lengthy criminal history as set forth in the PSI. Although the fact that the Indiana crime occurred while Robb was released on bond in Missouri is relevant to the federal proceedings as part of his criminal history, such consideration for sentencing purposes does not translate into a finding that the federal charge included the "same conduct" that gives rise to the Indiana charge. We are likewise not convinced that the facts of the Indiana offense were considered in establishing the base level offense for federal sentencing purposes. In any event, even if considered, it remains that the offenses are not the "same conduct."

[18] In considering the charging information in the federal case with the charging information herein, it is clear that Robb's possession of methamphetamine in

Indiana was at a separate time and involved a different act of possession than that identified in the federal indictment and judgment. The two offenses do not involve the "same conduct." We therefore conclude that prosecution for possession of methamphetamine with intent to deal (as charged in Count I herein) is not barred by I.C. § 35-41-4-5 because the alleged conduct underlying the state charge is not the "same conduct" that underlies the federal indictment and conviction.

[19] Judgment affirmed.

[20] Riley, J., and Brown, J., concur.