

FILED

Oct 27 2023, 9:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Bates
Lake County Public Defender Office
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Tyler Banks
Supervising Deputy Attorney
General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Louis J. Kalozi,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 27, 2023<br><br>Court of Appeals Case No.<br>22A-CR-2797<br><br>Interlocutory Appeal from the<br>Lake Superior Court<br><br>The Honorable Salvador Vasquez,<br>Judge<br><br>Trial Court Cause No.<br>45G01-1004-FC-48 |

**Opinion by Judge Kenworthy**
Judges Bailey and Tavitas concur.

**Kenworthy, Judge.**

## Case Summary

In this interlocutory appeal, Louis J. Kalozi raises one issue for our review, which we restate as: Does Indiana's double jeopardy statute bar the State from prosecuting him on state criminal charges after he pleaded guilty in federal court to similar charges? Concluding the statute does not bar his state prosecution, we affirm and remand for further proceedings.

## Facts and Procedural History

In early April 2010, Kalozi took four minor children—two male, two female—on a trip from Michigan to Chicago. The group stopped at a hotel in Hammond, Indiana. During the night of April 8 and into the morning of April 9, Kalozi slept in the same bed as one of the minor males, A.R. At some point, Kalozi "began massaging" A.R.'s back. *Appellant's App. Vol. 2* at 12. Kalozi worked his hands down A.R.'s back and reached the boy's backside. Kalozi was "hugging" and holding A.R. so tight he could feel Kalozi's penis press against his back and behind. *Id.* Later in the night, Kalozi flipped A.R. over, pulled A.R.'s pants down, and began "masturbating" A.R. *Id.* Kalozi's conduct was reported to the police.

On April 15, 2010, the State charged Kalozi with two counts of sexual misconduct with a minor.[1] Then, on September 22, 2010, the federal

---

[1] Ind. Code § 35-42-4-9 (2007).

government charged Kalozi with five criminal offenses. Count 1 of the indictment—alleging transportation of a minor for sexual exploitation[2]—stated:

> **LOUIS JOSEPH KALOZI** knowingly transported an individual who had not attained the age of 18 years in interstate commerce with the intent that such individual engage in sexual activity and attempted to engage in criminal sexual activity.
>
> Specifically, **LOUIS JOSEPH KALOZI** and a 14-year-old boy traveled from Kent County, Michigan to Hammond, Indiana, and back. **LOUIS JOSEPH KALOZI** knew the boy was 14 years old, and he transported the boy for the purpose of engaging in sexual activity, and attempted sexual conduct with the 14-year-old boy; sexual conduct would be Fourth Degree Criminal Sexual Conduct, a violation of MCL § 750.520e under the laws of the State of Michigan, and would be Sexual Misconduct with a minor, a violation of Indiana Criminal Code 35-42-4-9.

*Id.* at 45–46. Kalozi pleaded guilty to two counts in his federal case, including Count 1, and received a fifteen-year aggregate sentence.

[4] In June 2022, Kalozi was brought to Indiana to face his pending state charges. Kalozi moved to dismiss, alleging the state-court prosecution subjected him to double jeopardy. The trial court denied the motion and Kalozi sought an

---

[2] "A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life." 18 U.S.C. § 2423(a) (2006).

interlocutory appeal. The trial court certified its order and this Court accepted jurisdiction.

## Indiana's Double-Jeopardy Statute Does Not Bar Kalozi's State Prosecution

Kalozi argues the State is barred from prosecuting him on charges of sexual misconduct with a minor following his guilty plea on his federal charges. When reviewing a motion to dismiss, the defendant has the burden of proving—by a preponderance of the evidence—all facts necessary to support a motion to dismiss. *Ackerman v. State*, 51 N.E.3d 171, 177 (Ind. 2016). Because Kalozi appeals from a negative judgment, "we will reverse only if the evidence is without conflict and leads inescapably to the conclusion that [Kalozi] is entitled to a dismissal." *Id.* (quotation omitted). Whether a prosecution is barred by double jeopardy is a question of law, which we review de novo. *Swenson v. State*, 868 N.E.2d 540, 542 (Ind. Ct. App. 2007). To the extent resolving this issue involves statutory construction, we also review those matters de novo. *State v. Johnson*, 183 N.E.3d 1118, 1123 (Ind. Ct. App. 2022), *trans. denied*.

Because the state and federal governments are considered "separate" or "dual" sovereigns, the double jeopardy provisions of the United States and Indiana Constitutions do not prevent a state prosecution for conduct which was the subject of a prior federal prosecution. *Haggard v. State*, 445 N.E.2d 969, 972 (Ind. 1983) (citing *Abbate v. United States*, 359 U.S. 187 (1959)). But our state

legislature has provided protection against multiple prosecutions from different jurisdictions through Indiana's double jeopardy statute. This statute provides:

> In a case in which the alleged conduct constitutes an offense within the concurrent jurisdiction of Indiana and another jurisdiction, a former prosecution in any other jurisdiction is a bar to a subsequent prosecution for the *same conduct* in Indiana, if the former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.

I.C. § 35-41-4-5 (emphasis added). Essentially, "a prior conviction or acquittal in another jurisdiction bars a subsequent Indiana state prosecution for the 'same conduct.'" *Johnson*, 183 N.E.3d at 1123.

[7] When determining whether a prosecution is barred under Indiana's double jeopardy statute because it is based on the same conduct, we do not employ the tests used in a constitutionally-based double jeopardy analysis. *Id*. Instead, we consider the "'overt acts' alleged in the sister jurisdiction's charge in juxtaposition with the allegation in the State's charge." *Id.* (quoting *Brewer v. State*, 35 N.E.3d 284, 286 (Ind. Ct. App. 2015)); *see also Dill v. State*, 82 N.E.3d 909, 912 (Ind. Ct. App. 2017) (describing this analysis as "comparing the statutory charges brought and the evidence in support of the allegations"), *trans. denied*. Thus, "our analysis centers on comparing the substance of the specific factual allegations contained in the charging instruments to determine if the offenses alleged therein are based on the same conduct." *Johnson*, 183 N.E.3d at 1123; *see also Smith v. State*, 993 N.E.2d 1185, 1190 (Ind. Ct. App. 2013)

("The plain language of the statute requires a comparison of the conduct alleged to constitute an offense in Indiana with the conduct alleged to constitute an offense in another jurisdiction[.]"), *trans. denied.*

[8] As discussed above, the federal government charged Kalozi with transportation of a minor for sexual exploitation. The overt act alleged in his federal charge was that Kalozi traveled across state lines with A.R. with the intent to engage in criminal sexual activity with him. Although the federal charge alleged Kalozi attempted sexual conduct with A.R., Section 2423(a) does not require proof of actual sexual conduct to obtain a conviction. *See* 18 U.S.C. § 2423(a); *see, e.g., U.S. v. Nicholson*, 24 F.4th 1341, 1349 (11th Cir. 2022) (recognizing the government does not have to prove actual sexual activity to convict under Section 2423), *cert. denied.* Instead, interstate travel "with the intent that the individual engage . . . in any sexual activity for which any person *can* be charged with a criminal offense" is sufficient. 18 U.S.C. § 2423(a) (emphasis added); *see also Johnson*, 183 N.E.3d at 1125 (considering the elements of a federal statute only to determine which allegations were essential to the federal charge). Put differently, the portion of Kalozi's federal indictment alleging he attempted sexual conduct with A.R. was mere surplusage and not essential to the federal charge. Rather, Kalozi violated Section 2423(a) once he transported

A.R. from Michigan to Indiana with the intent to engage in sexual activity with him.[3]

[9] With this in mind, we turn to the specific factual allegations contained in Kalozi's state charges. The relevant portions of Kalozi's sexual misconduct with a minor charges provide:

> Louis Joseph Kalozi, being at least twenty-one (21) years of age or older, did perform or submit to the fondling or touching of [A.R.] with intent to arouse or satisfy the sexual desires of Louis Joseph Kalozi, or [A.R.], a child at least fourteen (14) years of age or older but under sixteen (16) years of age, contrary to I.C. 35-42-4-9[.]

*Appellant's App. Vol. 2* at 11.[4] The operative allegations in these charges are Kalozi either performed or submitted to the fondling or touching of A.R. with

---

[3] Kalozi directs our attention to the factual basis supporting his guilty plea in federal court to show the State is attempting to prosecute him for the same conduct underlying his federal charge. *See Appellant's App. Vol. 2* at 53. His argument is unavailing. During Kalozi's plea hearing, the district court judge instructed Kalozi: "Tell me what you did that makes you guilty of Count 1 which was the charge that you engaged in transportation of a child for sexual exploitation." *Id.* at 112. After Kalozi described transporting A.R. across state borders with the requisite intent, the court clarified: "So you crossed from Michigan to Indiana with the intent of in the future engaging in sexual conduct with a minor?" *Id.* Kalozi responded: "Yes." *Id.* at 113. The court further inquired: "And what kind of sexual conduct did you engage in?" *Id.* Kalozi responded: "It was inappropriate touching of the back, the buttocks, and the genitalia" of A.R. *Id.* For the reasons stated above, the court's inquiry on this point merely established Kalozi's intent to engage in conduct for which he *could* have been charged with a crime in Indiana or Michigan. That is all the statute requires. *See* 18 U.S.C. § 2423(a). To be certain, the court concluded its discussion of Count 1 by reiterating the essential elements of the charge: "[T]here was travel from Michigan with the 14-year-old boy to Indiana with the intention of engaging in sexual conduct?" *Id.* Again, Kalozi answered, "[y]es." *Id.* We cannot say the court's slight probe into the actual sexual misconduct is sufficient to mandate a finding the state and federal charges are based on the "same conduct," thereby prohibiting Kalozi's state prosecution.

[4] The State charged Kalozi with two counts of sexual misconduct with a minor. The counts differ only in the date the alleged offense occurred.

intent to arouse or satisfy his or A.R.'s sexual desires. This is not the same overt act alleged in Kalozi's federal charge. So, the State is not statutorily barred from prosecuting Kalozi for sexual misconduct with a minor following his guilty plea to transportation of a minor for sexual exploitation.[5]

## Conclusion

[10] Indiana's double jeopardy statute does not bar Kalozi's state prosecution. Therefore, we affirm the denial of his motion to dismiss and remand for further proceedings.

[11] Affirmed and remanded.

Bailey, J., and Tavitas, J. concur.

---

[5] To the extent Kalozi argues he has already been punished for his sexual misconduct with a minor, we disagree. As already noted, Count 1 of Kalozi's federal charge and Kalozi's state charges are not based on the "same conduct." So, Kalozi has not already been punished for the conduct underlying his state charges. Besides, the district court sentenced Kalozi to ten years for transportation of a minor for sexual exploitation. Ten years was the minimum sentence permitted under Section 2423(a). 18 U.S.C. § 2423(a). And on appeal, Kalozi has not provided us with the transcript from his sentencing hearing to show how his sentence was aggravated based on his sexual misconduct in Indiana. At bottom, nothing indicates his fondling of A.R. somehow increased his sentence for transportation of a minor for sexual exploitation. In fact, his sentence could not have been shorter.